[Civ. No. 22649. Third Dist. Nov. 6, 1985.]

In re PATRICIA E., a Person Coming Under the Juvenile Court Law.
SACRAMENTO COUNTY WELFARE DEPARTMENT,
Plaintiff and Respondent, v.
ROY E., Defendant and Appellant.

## COUNSEL

Quin Denvir and Frank O. Bell, Jr., State Public Defenders, under appointment by the Court of Appeal, and Antonia D. Radillo, Deputy State Public Defender, for Defendant and Appellant.

L. B. Elam, County Counsel, Clement J. Dougherty, Jr., and Kathleen A. O'Connor, Deputy County Counsel, De Witt W. Clinton, County Counsel, and Sterling R. Honea, Deputy County Counsel, for Plaintiff and Respondent.

**4**

### OPINION

**BLEASE, J.**—Defendant father challenges the order of the juvenile court continuing his minor daughter, Patricia, as a dependent child of the court. The minor was represented by a deputy county counsel who also represented the Sacramento County Welfare Department (department). We will reverse the order for failure of the trial court to assess the need for the appointment of independent counsel for the minor.

### FACTS

In August 1978, the minor, Patricia, was made a dependent child of the Kings County Juvenile Court upon a finding that her parental home was unfit. Patricia was born on November 24, 1977. She was first declared a dependent child of the court and placed in a foster home on August 14, 1978. Her home was alleged to be unfit because of neglect and abuse by her parents. She had sustained a skull fracture, two broken wrists, a broken right ankle, contusions and abrasions. (Welf. & Inst. Code, § 300, subd. (d).)[1] She was placed in a foster home. Her brothers were also removed from parental custody.

In June 1979 Patricia's status as a dependent child was continued but she and her brothers were returned to parental custody. In November 1979 Patricia suffered further severe injuries at home, namely a fractured femur and tibia of her right leg. She was placed in a foster home in Hanford, California. Her brothers were left in the custody of their parents and then placed in the custody of their father upon the dissolution of the parents' marriage. It is unclear from the record what role her father played in inflicting Patricia's injuries. Whether they were caused by his neglect or abuse is not established. On July 27, 1981, the matter was transferred from Kings County to Fresno County. On August 21, 1981, Fresno County transferred the matter to Tulare County. On March 1, 1982, Tulare County transferred the matter back to Fresno County. In September of 1982 the Fresno County Welfare Department recommended to the juvenile court that Patricia be returned to her father who was now residing in Sacramento. The Fresno Juvenile Court turned down the recommendation but transferred the matter to Sacramento. A review hearing was held in the Sacramento Juvenile Court in February 1983. (§ 366, subd. (a); Cal. Rules of Court, former rule 1382, subd. (e).) The court appointed the public defender to represent the father and appointed the county counsel to represent both the Sacramento County

---

[1] Unless otherwise indicated, statutory references are to the Welfare and Institutions Code.

Welfare Department and the minor. There is no record concerning the showing of presence or absence of any conflict of interest between the minor and the county.

The minor was not present at the hearing and she appeared only through the county counsel. A social worker testified for the department and recommended continuance of the foster home placement.[2] Neither the social worker nor the county counsel spoke with the minor prior to the hearing. The father testified in his own behalf. The juvenile court continued the minor as a dependent child and ordered that she remain in the Hanford foster home. This appeal followed.

## DISCUSSION

The father contends it was error to appoint the county counsel to represent both the welfare department and the minor. In a previous superceded opinion we found this contention meritorious on the ground that appointment of independent counsel for the minor is an implicit requirement of section 318.[3] We granted rehearing chiefly to consider the respondent department's

---

[2]The recommendation was based on the asserted failure of the father to participate in a counseling program and to visit his daughter on a regular basis.

[3]Section 318 provides: "(a) Notwithstanding the provisions of Section 317, when a minor who is alleged to be a person described in subdivision (d) of Section 300 appears before the juvenile court at a detention hearing, the court shall appoint counsel. The court may appoint the district attorney to represent the minor pursuant to Section 351.

"(b) The counsel appointed by the court shall represent the minor at the detention hearing and at all subsequent proceedings before the juvenile court.

"(c) Any counsel upon entering an appearance on behalf of a minor shall continue to represent that minor unless relieved by the court upon the substitution of other counsel or for cause.

"(d) The counsel shall be charged in general with the representation of the child's interests. To that end, he shall make such further investigations as he deems necessary to ascertain the facts, including the interviewing of witnesses, and he shall examine and cross-examine witnesses in both the adjudicatory and dispositional hearings; he may also introduce and examine his own witnesses, make recommendations to the court concerning the child's welfare, and participate further in the proceedings to the degree necessary to adequately represent the child. In addition, the counsel shall investigate the interests of the child beyond the scope of the juvenile proceeding and report to the court other interests of the child that may be protected by other administrative or judicial proceedings, including but not limited to, a civil action pursuant to subdivision (b) of Section 11172 of the Penal Code. The court shall take whatever appropriate action is necessary to fully protect the interests of the child.

"(e) Notwithstanding any other provision of law, counsel shall be given access to all records relevant to the case which are maintained by state or local public agencies. Counsel shall be given access to records maintained by hospitals or by other medical or nonmedical practitioners or by child care custodians, in the manner prescribed by Section 1158 of the Evidence Code."

argument that section 326,[4] which requires that the social worker be appointed initially as guardian ad litem for the minor, contradicts our former reasoning. In the interim section 318 has been amended, effective January 1, 1986, to permit representation of the minor by county counsel if there is no conflict of interest between the county and the minor.[5] (Stats. 1985, ch. 302.) There is no longer a reason to resolve the difficult question of permissibility of joint representation on this appeal. As appears, even if joint representation could have been permitted, it was error to fail to appoint independent counsel in the absence of an affirmative showing that the child's interests would be adequately represented. (Cf. *In re Richard E.* (1978) 21 Cal.3d 349, 354-355 [146 Cal.Rptr. 604, 579 P.2d 495].) On this record, the error may have resulted in a miscarriage of justice and accordingly, we will reverse the judgment.

■ Preliminarily we address the question whether the father has standing to raise the issue of his daughter's right to counsel. We answer in the affirmative because independent representation of the daughter's interests impacts upon the father's interest in the parent-child relationship.[6] Where the interests of two parties interweave, either party has standing to litigate issues that have a impact upon the related interests. This is a matter of first party standing. (See Monaghan, *Third Party Standing* (1984) 84 Colum.L.Rev. 277, 297-310; cf. *People* v. *Barksdale* (1972) 8 Cal.3d 320, 333 [105 Cal.Rptr. 1, 503 P.2d 257].) At stake in a dependency proceeding is both the child's welfare and the parent-child relationship. (*In re La Shonda B.* (1979) 95 Cal.App.3d 593, 599 [157 Cal.Rptr. 280].) The two considerations are intertwined. The department took the position that Patricia

---

[4]Section 326 provides: "For the purposes of Child Abuse Prevention and Treatment Act grants to states (Public Law 93-247), in all cases in which there is filed a petition based upon alleged neglect or abuse of the minor, or in which a prosecution is initiated under the Penal Code arising from neglect or abuse of the minor, the probation officer or a social worker who files a petition under this chapter shall be the guardian ad litem to represent the interests of the minor in proceedings under this chapter, unless the court shall appoint another adult as guardian ad litem. No bond shall be required from any guardian ad litem acting under this section."

In 1984 this section was amended to include: "However, the guardian ad litem shall not be the attorney responsible for presenting evidence alleging child abuse or neglect in judicial proceedings." (Stats. 1984, ch. 1613, § 4.)

[5]Section 318 was amended to read in pertinent part as follows: "(a) Notwithstanding the provisions of Section 317, when a minor who is alleged to be a person described in subdivision (d) of Section 300 appears before the juvenile court at a detention hearing, the court shall appoint counsel. The court may appoint the county counsel to represent the minor, if there is no conflict of interest between the county and the minor, or the district attorney pursuant to Section 351."

[6]See generally *In re Richard E., supra,* 21 Cal.3d at pp. 353-356 (court considered the merits of father's allegations that independent counsel should have been appointed for his son in a proceeding to terminate parental rights (Civ. Code, § 232 et seq.) without any discussion of standing).

should be retained in a foster home on grounds that her father's home continued to be unfit. That position may not have been taken by a counsel freed of the necessity to represent the department. There are grounds to support Patricia's return to her father. Patricia's brothers had been returned to their father's custody, apparently without threat to their safety. The Fresno County Department of Social Services had recommended return of Patricia to her father. Thus, the father has standing to raise the interests of the child to independent counsel. (See *In re David C.* (1984) 152 Cal.App.3d 1189, 1206 [200 Cal.Rptr. 115].)

 That brings us to the question of dual representation. The department notes that where the child has been out of the home for some time various courts have ruled in Civil Code section 232 termination proceedings that the child's "interest" can sometimes be represented by the counsel for the other parties. (See, e.g., *In re Laura F.* (1983) 33 Cal.3d 826, 839-840 [191 Cal.Rptr. 464, 662 P.2d 922].) The department inquires rhetorically: why should this not also be the case in the less final section 300, subdivision (d) proceedings? We will assume for the sake of argument that dual representation is permitted under the present version of section 318. (But see *Akkiko M.* v. *Superior Court* (1985) 163 Cal.App.3d 525, 530 [209 Cal.Rptr. 568]; but see generally, *In re Dunlap* (1976) 62 Cal.App.3d 428, 440, fn. 3 [133 Cal.Rptr. 310].) The assumption is unavailing.

In Civil Code section 232 termination proceedings the trial court has discretion to appoint independent counsel to represent the minor. (Civ. Code, § 237.5; *In re Richard E.*, *supra*, 21 Cal.3d at p. 354; *In re Dunlap, supra,* 62 Cal.App.3d at pp. 433-440.) The theory of discretionary appointment is that in some circumstances counsel for the parties other than the minor may serve the needs of representation of the minor's interests. The trial court may decline to appoint separate counsel if "the circumstances indicate that the child's interests will be adequately represented although [she] does not have [her] own lawyer." (*In re Dunlap, supra,* at p. 438.) However, independent counsel must "be appointed at the commencement of proceedings absent an immediate showing upon which the court can exercise its discretion against making an appointment." (*In re Richard E., supra,* 21 Cal.3d at p. 355.)

 These proceedings are different from Civil Code section 232 proceedings, in that the appointment of counsel for the minor is not discretionary. Section 318 mandates appointment of counsel for the minor in every case. Section 318 specifically lists extensive duties that devolve upon counsel as a result of the appointment to represent the minor. The palpable import of section 318 is that counsel must be free to make an independent assessment of what steps in the litigation will serve the interests of the

minor. The duties and role of section 318 counsel are analogous to that of independent counsel actually appointed under section 237.5. "The role of counsel for the child [in a section 232 proceeding] is not merely to act as a mouthpiece for the minor child. But neither is counsel to act as a mouthpiece for the governmental agency concerned." (*In re David C., supra,* 152 Cal.App.3d at p. 1208.)

■ As related, we accept for the nonce the claim of the welfare department that a joint appointment of county counsel may be permitted under section 318. Thus, we accept the supposition that county counsel in some circumstances may be able to carry out the dual role without a conflict of interest between the minor and "the governmental agency concerned." However, if the department's analogy to Civil Code section 232 proceedings is indulged, the rule of *In re Richard E.,* that an affirmative showing of absence of need for independent counsel is a prerequisite, must also be borrowed.

Minimally there must be a showing on the record that the case meets the criteria for a discretionary decision under section 237.5 not to appoint separate counsel. However, more must be shown. Unlike a section 237.5 denial, here counsel *is* to be appointed for the minor. Thus, the problem of assurance of absence of conflict of interest of counsel is presented. County counsel must assume the independent obligations imposed by section 318. The record must reflect that counsel is familiar with the obligations imposed by section 318. The prior attornment to the welfare department presents a situation fraught with potential for counsel to misapprehend the nature of these duties. At the appropriate juncture, counsel must certify that the preliminary duties of section 318 have been completed and that counsel is of the opinion, wholly independent of the views and interests of his or her client the welfare department, that joint representation will present no actual conflicts of interest.[7] This is the minimum we would allow as an adequate affirmative showing warranting exercise of discretion to permit joint representation.

No such showing is presented on this record. Accordingly, we find that the failure to appoint independent counsel for the minor in this case was error.

■ The remaining problem is the standard of prejudice for reversal because of such error. In *In re Richard E.* the Supreme Court found error

---

[7]We imply no view on the ability of a county counsel to make such a representation where the investigation of the case reveals that reasonable persons could disagree regarding the appropriate position that the child ought to take. This may place counsel in an ethical quandary. (See ABA Code Prof. Responsibility, DR 5-105 (B) & (C).)

in the failure to make a record of consideration of the need for counsel for the minor. However, reversal was deemed unwarranted because there was no suggestion by the appellant or in the Supreme Court's review of the record of any manner in which appointment of counsel would have aided in development of the factual record. (21 Cal.3d at pp. 355-356.) The *In re Richard E.* court distinguished *Dunlap, supra,* which had granted reversal on the ground that in *Dunlap* pertinent evidence had been omitted from the record by counsel for the other parties. (*Id.,* at p. 356, fn. 5.) In this case the problem is different from that in *In re Richard E.* as the nature of the error is improper appointment of counsel subject to a potential conflict of interest rather than failure to appoint any counsel. We draw some guidance concerning the standard of prejudice from *In re Richard E.* but we must also consider case law concerning appointment of counsel subject to conflict.

In *People* v. *Mroczko* (1983) 35 Cal.3d 86 [197 Cal.Rptr. 52, 672 P.2d 835] the Supreme Court recently considered the problem of joint counsel subject to potential conflicts in criminal proceedings. The court noted the standard where counsel is subject to potential conflict reversal may be required if the record supports " 'an informed speculation' that appellant's right to effective representation was prejudicially affected." (*Id.,* at p. 105.) Here, although the proceeding is not a criminal proceeding, the *Mroczko* standard of review is applicable. The minor has a statutory right to appointment of counsel. That right necessarily entails a right to effective assistance of the counsel appointed. Counsel subject to a conflict may be rendered less effective in a myriad of subtle ways. This is particularly the case when counsel is assigned the responsibility of choosing the very outcome for which to advocate on behalf of a minor.

In this case there are considerations which support "informed speculation" that joint representation may have led to prejudicial ineffective assistance of counsel. The record contains no indication that the minor's counsel ever spoke to her. The minor was not present in court during the proceedings. The minor's counsel presented evidence of the minor's circumstances by calling as a witness a social worker with the Sacramento County Department of Social Welfare. However, that social worker had not spoken personally with the minor. In short, the record contains no indication the minor's surrogate counsel knew of her concerns or of her view of her situation. Counsel cannot be said to have effectively represented the minor's interests in these circumstances. (Cf. *In re David C., supra,* 152 Cal.App.3d at pp. 1207-1208.)

Moreover, there are troublesome blemishes in the record that might have been averted if independent counsel had been appointed. No showing was

tendered regarding the reasons why the social worker assigned the case prior to transfer to Sacramento County had recommended return of the child to her father. The role of the father in the infliction of the injuries to the minor was left largely to speculation. The only evidence other than his denials that he had inflicted the injuries was weak circumstantial inferences from asserted statements of the father to third parties. These were contained in reports submitted in prior proceedings in the case. The trial court took judicial notice of these reports over objection. (But see *In re David C.,* *supra,* at pp. 1204-1205.) The father was extensively cross-examined by county counsel concerning potential inconsistencies between these hearsay statements and his testimony. Thereafter, the trial court conducted its own protracted cross-examination of the father, lapsing at times into an accusatory mode. (But see generally *Lois R.* v. *Superior Court* (1971) 19 Cal.App.3d 895 [97 Cal.Rptr. 158].)

The sum of these considerations is such that we cannot say that the failure to consider the need for appointment of independent counsel for the minor was not prejudicial. Accordingly, the error requires reversal. This conclusion obviates the need for discussion of the other points tendered by the parties.

The judgment is reversed.

Puglia, P. J., and Sims, J., concurred.