[No. G035611. Fourth Dist., Div. Three. May 19, 2006.]

AMBER R., Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
ORANGE COUNTY SOCIAL SERVICES AGENCY et al., Real Parties in Interest.

**COUNSEL**

Deborah A. Kwast, Public Defender, Frank Ospino, Assistant Public Defender, Dennis M. Nolan and Paul T. DeQuattro, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Benjamin P. de Mayo, County Counsel, and Jeannie Su, Deputy County Counsel, for Real Party in Interest Orange County Social Services Agency.

Lawrence A. Aufill for Real Party in Interest Kayli R.

OPINION

RYLAARSDAM, Acting P. J.—Does a biological mother whose parental rights have been terminated have standing to file a petition under Welfare and Institutions Code section 388 (all further statutory references are to this code) to seek an order providing for continued contact with the child? The child, now 15-year-old Kayli R., resides in a group home. The court previously terminated the parental rights of Amber R., Kayli's biological mother. Amber R. filed a section 388 petition in connection with a six-month review hearing as required by section 366.3, subdivision (d) for a child who has not been placed in the home of a guardian. In her petition Amber R. sought to be identified as an individual "important" to Kayli under section 366.3, subdivision (e) and for an order allowing visitation and telephone contact with Kayli. The trial court concluded she lacked standing to file such a petition.

Amber R. filed a petition for a writ of mandate, seeking an order from this court determining she has standing to bring a section 388 petition and to compel the trial court to hear the petition. We issued an order to show cause why the relief should not be granted. Upon consideration of the arguments of the parties, we conclude the trial court was correct in ruling that Amber R. lacked standing to bring the section 388 petition and therefore deny her petition for a writ of mandate.

## DISCUSSION

█ If parental rights have been terminated and a child has not yet been adopted, section 366.3, subdivision (d) applies where "the child is in a placement other than the home of a legal guardian and jurisdiction has not been dismissed . . . ." Under these conditions the court must review the status of the child at least every six months. (*Ibid.*) In connection with each such hearing the county welfare department must prepare a report for the court. (§ 366.3, subd. (f).) Where "the child has not been placed with a prospective adoptive parent or guardian," this report must identify "individuals, other than the child's siblings, who are important to the child and actions necessary to maintain the child's relationship with those individuals, provided that those relationships are in the best interest of the child." (§ 366.3, subd. (f)(3).) Where, as here, the child is 10 years or older, the agency "shall ask [her] . . . to identify any individuals who are important to . . . her, consistent with [her] best interest . . . ." (*Ibid.*)

The court removed Kayli from her parental home in 1999 and terminated Amber R.'s parental rights in 2001. At the time of the six-month status review hearing under section 366.3, subdivision (d), Kayli resided in a group home. Before this hearing, Amber R. filed a petition, purportedly pursuant to section 388, requesting she be identified as "important" to Kayli and allowing visitation and telephone contact with her. Because we are only concerned with Amber R.'s standing to bring such a petition, we need not recite her arguments concerning its merits. Nor need we detail the arguments on the merits made by Orange County Social Services Agency (SSA).

As Amber R. acknowledges, section 366.26, subdivision (i)(1) provides that "[a]ny order of the court permanently terminating parental rights under this section shall be conclusive and binding upon . . . the parent . . . . After making the order, the juvenile court shall have no power to set aside, change, or modify it . . . ," except under circumstances not applicable here. Therefore Amber R.'s status resulting from her biological relationship with Kayli is irrelevant to the issue of standing to seek the order she be declared to be an "individual[], . . . who [is] important to the child." (§ 366.3, subd. (f)(3).) Amber R.'s argument, based on a "positive, beneficial, parent-child relationship," misses the point. Her rights and status as a parent are terminated. If Amber R. has standing to bring the petition, anyone, including aunts, uncles, boyfriends, teachers, neighbors, and well-meaning strangers, would have standing to do so. And only if they do does she.

Under section 366.3, subdivision (f), SSA is empowered to recommend that Amber R. or any of these persons be designated as "important to the child." And under subdivision (e)(2), the court is likewise empowered to make such a determination. But that does not answer the question whether any of these aunts, uncles, boyfriends, teachers, neighbors, and well-meaning strangers can come into court and litigate whether they qualify as "important to the child" under the statute.

Section 366.26, subdivision (j) provides that, with an exception not applicable here, SSA has full responsibility "for the custody and supervision of the child and shall be entitled to the exclusive care and control of the child at all times until a petition for adoption is granted . . . ." Subject to the supervision of the court, SSA functions as parent. It is thus not unreasonable that requests to become part of the child's life be filtered through SSA. This is apparently contemplated by a statute that imposes the obligation to advise the court as to persons who are "important to the child" on this agency rather than granting the power to the world at large.

The scope of SSA's right to control the child is well illustrated in *Department of Social Services v. Superior Court* (1997) 58 Cal.App.4th 721

[68 Cal.Rptr.2d 239]. There, after terminating parental rights and referring two children to the Department of Social Services for adoption, the juvenile court made a ruling directing the department to place the children in a home pending adoption different from the residence chosen by the department. In reversing the placement order, the court stated: "the Legislature has granted the agency to which a minor is referred for adoption, in this case DSS, the 'exclusive' custody, control and supervision of the minor referred for adoptive placement. [Citations.] This exclusive authority includes the 'discretion' to place the minor in, and if necessary remove the minor from, a prospective adoptive home or 'temporary care,' i.e., foster care placement for the minor pending adoptive placement. [Citation.]" (*Id.* at p. 724.) This discretion is subject only to review for abuse by the court.

■ The statutory scheme is unequivocal. The decision as to who is "important to the child" is made by the court on recommendation of the agency. (§ 366.3, subds. (e)(2) & (f)(3).) If it had been the intention of the Legislature to provide that parents whose rights were previously terminated or for the world at large to have a right to a hearing, it could readily have done so. And the Legislature specifically provided that parents whose rights have not been terminated have standing to request a review hearing. (§ 366.3, subd. (d)(1).) The statute contains no such provision for parents whose rights have been terminated.

The focus of the statute is not on the interest of the person who wishes to maintain a relationship with the child but on "the best interest of the child." (§ 366.3, subds. (e)(2) & (f)(3).) And the child has standing to demand a review (§ 366.3, subds. (d)(2) & (e)(2)) where the issue of identifying individuals "important to the child" is to be determined. If the child is dissatisfied with the determination she can appeal. Here both Kayli and her lawyer opposed the grant of visitation to Amber R. and Kayli's lawyer joined SSA in arguing that no relief should be granted.

■ Furthermore, the language of section 388 compels the conclusion that the procedure provided therein does not apply to a review hearing following termination of parental rights. Section 388, subdivision (a) states that a petition under this section may seek "to change, modify, or set aside any order of court previously made or to terminate the jurisdiction of the court," upon a showing of changed circumstances or new evidence. But what order is it that Amber R. seeks to set aside or modify? Is she collaterally attacking the order terminating her parental rights, which also terminated her right to visitation and telephone contact?

■ Except in limited circumstances not applicable here, the court lacks the power to modify a termination order once it becomes final. (§ 366.26,

subd. (i)(1); *In re Zeth S.* (2003) 31 Cal.4th 396, 407, fn. 4 [2 Cal.Rptr.3d 683, 73 P.3d 541].) In *In re Jacob E.* (2004) 121 Cal.App.4th 909, 925 [18 Cal.Rptr.3d 15], the court stated, "Having failed to appeal the termination order, mother's attempt to obtain visitation with Jacob was in substance a collateral attack on the termination of her parental rights. She was asking the court to reinstate her as a parent, and do what it no longer had jurisdiction to do, that is, undo the termination of her parental rights so that she could visit Jacob. Subdivision (i) of section 366.26 specifically states that once the termination order issues, the court has 'no power' to 'modify it.' [Citation.]"

We question but need not decide whether this rule would, under appropriate circumstances, preclude a biological parent whose rights have been terminated being designated as an individual important to the child. But here the circumstances are not appropriate as neither of the parties who have standing to request the designation, the agency and the child, has requested that Amber R. be so designated.

## DISPOSITION

The petition for writ of mandate is denied.

Moore, J., and Fybel, J., concurred.

A petition for a rehearing was denied June 14, 2006, and petitioner's petition for review by the Supreme Court was denied August 2, 2006, S144713. George, C. J., did not participate therein.