[No. D055670. Fourth Dist., Div. One. Jan. 26, 2010.]

In re DESIREE M. et al., Persons Coming Under the Juvenile Court Law.
SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY,
Plaintiff and Respondent, v.
REBECCA M., Defendant and Appellant.

**COUNSEL**

Patricia K. Saucier, under appointment by the Court of Appeal, for Defendant and Appellant.

John J. Sansone, County Counsel, John E. Philips, Chief Deputy County Counsel, and Gary C. Seiser, Deputy County Counsel, for Plaintiff and Respondent.

Susan Bookout, under appointment by the Court of Appeal, for Minors.

**OPINION**

**AARON, J.**—Rebecca M. appeals the judgment terminating her parental rights over 14-year-old Desiree M. and 12-year-old Denise M.[1] Rebecca contends that Desiree and Denise were not properly notified of the continued Welfare and Institutions Code[2] section 366.26 hearing, and that the juvenile court did not make the statutorily required inquiry into the reason for their absence from that hearing. We affirm.

## I. BACKGROUND

In September 2007, when Desiree was 12 years old and Denise was 10 years old, the San Diego County Health and Human Services Agency (the

---

[1] The court also terminated Rebecca's rights to a third child, but Rebecca does not make any contentions regarding that child.

[2] All statutory references are to the Welfare and Institutions Code.

Agency) filed dependency petitions based on allegations that Rebecca had physically abused Desiree, and had a history of hitting both girls. Desiree and Denise were initially detained at Polinsky Children's Center, and later, with a relative. In November, the girls were placed with maternal aunt Teresa P.

In January 2009, the court set a section 366.26 hearing for May 20. Desiree and Denise were given notice of the May hearing. The notice informed them of their right to be present and also informed them that the Agency was recommending that parental rights be terminated. In a report filed on May 7, the social worker stated that Teresa wanted to adopt Desiree and Denise, and that both girls wanted Teresa to adopt them. Denise also expressed her love for Rebecca and said that she wanted to continue to have contact with Rebecca.

In an addendum report filed on July 10, 2009, the social worker stated that Desiree and Denise still wanted Teresa to adopt them. The Agency continued to recommend termination of parental rights.

Desiree and Denise were not present at the July 17, 2009, hearing but were represented by counsel at the hearing.[3] The court found that "[n]otice findings ha[d] been made and preserved." Counsel for Desiree and Denise stated that both girls had "verbalized that they want to be adopted by their aunt." Counsel asked the court to terminate parental rights and to order permanent plans of adoption.

## II. DISCUSSION

### A. The Statutory Framework

■ A juvenile court dependent is entitled to attend the hearings in his or her case. (§§ 349, subd. (a), 366.26, subd. (h)(2).) The Agency must provide notice of the section 366.26 hearing to "[t]he child, if the child is 10 years of age or older." (§ 294, subd. (a)(3).) Unless the Agency's recommendation changes after the court makes its initial finding that notice has been properly given, "subsequent notice for any continuation of a Section 366.26 hearing may be by first-class mail to any last known address, by an order made pursuant to Section 296, or by any other means that the court determines is reasonably calculated, under any circumstance, to provide notice of the continued hearing."[4] (§ 294, subd. (d).)

---

[3] Rebecca did not attend either the May 20 hearing or the July 17 hearing, but was represented by counsel on both dates.

[4] Section 296 allows the court to order that parties who are present at a hearing return to court.

If the dependent child is at least 10 years old and is not present at the section 366.26 hearing, "the court shall determine whether the minor was properly notified of his or her right to attend the hearing . . ." (§§ 349, subd. (d), 366.26, subd. (h)(2)) "and inquire whether the minor was given an opportunity to attend" (§ 349, subd. (d)) and "why the child is not present." (§ 366.26, subd. (h)(2).) "If that minor was not properly notified or if he or she wished to be present and was not given an opportunity to be present, the court shall continue the hearing to allow the minor to be present unless the court finds that it is in the best interest of the minor not to continue the hearing." (§ 349, subd. (d).)

### B. Rebecca Lacks Standing to Raise the Notice and Inquiry Issues

In general, "[a]n appellant may contest only such orders which injuriously affect him or her. The appellant cannot urge errors which affect only another party who does not appeal." (*In re Sarah M.* (1991) 233 Cal.App.3d 1486, 1503 [285 Cal.Rptr. 374], disapproved on other grounds in *In re Chantal S.* (1996) 13 Cal.4th 196, 203–204 [51 Cal.Rptr.2d 866, 913 P.2d 1075].) " 'For a valid appeal one must be injuriously affected by the court's ruling in an immediate and substantial manner, and not as a nominal or remote consequence.' " (*In re Joshua S.* (1986) 186 Cal.App.3d 147, 150 [230 Cal.Rptr. 437], citations & italics omitted.)

Rebecca contends that she has standing to raise the issues of notice to Desiree and Denise, and the court's failure to inquire into their absence from the hearing. A parent has standing to raise issues affecting her interest in the parent-child relationship. (*In re Patricia E.* (1985) 174 Cal.App.3d 1, 6 [219 Cal.Rptr. 783], disapproved on other grounds in *In re Celine R.* (2003) 31 Cal.4th 45, 58–60 [1 Cal.Rptr.3d 432, 71 P.3d 787].) "Where the interests of two parties interweave, either party has standing to litigate issues that have a[n] impact upon the related interests." (*In re Patricia E., supra,* at p. 6.)

Rebecca argues that the issue of notice to Desiree and Denise directly impacts her parental rights, and that her interests are interwoven with the girls' interests. Specifically, Rebecca asserts that if Denise had attended the hearing, she might have said that she did not wish to be adopted, and that because Denise was more than 12 years old at the time of the hearing, her objection could have prevented the termination of parental rights. (§ 366.26, subd. (c)(1)(B)(ii).)[5]

---

[5] Rebecca's conjecture that Denise might have changed her mind about adoption is premised on two points: Denise indicated that she wished to continue to have contact with Rebecca, and two months had elapsed since Denise said that she wanted to be adopted. The addendum report, which was written just 15 days before the hearing, stated that Desiree and Denise

■ Rebecca relies on *In re L. Y. L.* (2002) 101 Cal.App.4th 942 [124 Cal.Rptr.2d 688] (*L.Y.L.*) to support her contention that she has standing to raise the issue of the court's failure to inquire as to the reason for the girls' absence from the hearing. In *L.Y.L.*, this court held that a parent has standing to raise the sibling relationship exception to termination of parental rights because the applicability of the exception directly affects whether the parent retains parental rights. (*Id.* at pp. 948–951; § 366.26, subd. (c)(1)(B)(v).) In reaching this conclusion, the *L.Y.L.* court reasoned that "[i]f the parent has the burden of establishing [an] exception[] . . . , the parent must have standing to assert the exception." (*L.Y.L., supra,* at p. 949.) *L.Y.L.* is not controlling under the circumstances of this case. Rebecca is not asserting an exception to termination of parental rights that she bears the burden to establish. Rather, she is attempting to assert a statutory right that belongs solely to Desiree and Denise. (Stats. 2008, ch. 166, § 1.) Whether Desiree and Denise received notice of the continued 366.26 hearing and whether the court failed to inquire as to their absence from that hearing are matters affecting their rights, not Rebecca's. Desiree and Denise have been represented by counsel at all proceedings in this case, and have not appealed.

### C. Rebecca Forfeited Any Right to Raise the Notice and Inquiry Issues

Rebecca did not raise the notice and inquiry issues in the juvenile court. She contends that she has not forfeited the right to raise these issues on appeal, arguing that the issues are ones of law, and that the juvenile court had an affirmative, mandatory duty to determine whether Desiree and Denise had received notice, and to inquire as to the reason for their absence from the hearing. If Rebecca had brought this matter to the attention of the juvenile court, the court could have remedied any error. (*In re S.B.* (2004) 32 Cal.4th 1287, 1293 [13 Cal.Rptr.3d 786, 90 P.3d 746].) Allowing Rebecca to raise these issues for the first time on appeal would contravene the dependency law's objective of expediently providing a permanent home for children whose parents have been unable to reunify with them. (*Ibid.*)

### D. Although the Court Should Have Inquired into Desiree and Denise's Absence from the Continued Hearing, They Were Provided Sufficient Notice, and Any Error Was Harmless

Even if Rebecca had standing and had not forfeited the right to raise the notice and inquiry issues, she would not prevail on the merits.

---

"continually express their desire to be adopted . . . ." The girls' counsel reiterated that this was the girls' desire at the hearing. There is no evidence that Denise ever wavered in her desire to be adopted.

It is undisputed that Desiree and Denise were given notice of the May 20, 2009, section 366.26 hearing. Between May 20 and July 17, the Agency did not change its recommendation that parental rights be terminated. Thus, notice to Desiree and Denise of the July 17 hearing was sufficient if it was done by means reasonably calculated to give the girls notice. (§ 294, subd. (d).) The circumstances show that the notice was sufficient.

Although Desiree and Denise did not attend the May 20, 2009, hearing, their attorney was present at that hearing when the court made its notice finding and set the contested hearing for July 17. The court could have reasonably inferred that the girls' counsel had notified them of the July 17 hearing date, in conformance with counsel's statutory obligation of competent representation. (§ 317.5; see *In re Phillip F.* (2000) 78 Cal.App.4th 250, 259 [92 Cal.Rptr.2d 693] [notice to parent].) The reasonableness of such an inference is bolstered by counsel's silence after the court's statement at the July 17 hearing that "[n]otice findings ha[d] been made and preserved." (*In re Phillip F., supra,* at p. 259.)

Further, Desiree and Denise were informed of their right to attend hearings. They were present in court on November 6, 2008, when their counsel announced that they wished to attend the next hearing. The court stated that the girls had the right to be present and ordered them to return. Desiree and Denise did not return, apparently due to a misunderstanding regarding the time of the hearing.

When Desiree and Denise did not appear for the July 17, 2009, hearing, the court should have inquired whether they had been notified of their right to attend (§§ 349, subd. (d), 366.26, subd. (h)(2)) and had been given an opportunity to attend (§ 349, subd. (d)). The court did not do so. However, the court could have reasonably found that notice to Desiree and Denise's attorney of the continued hearing constituted a means reasonably calculated to provide them notice. In view of the circumstances outlined above, any error was harmless. (See *In re Angela C.* (2002) 99 Cal.App.4th 389 [120 Cal.Rptr.2d 922] [lack of notice to mother of continued § 366.26 hearing was harmless where she had notice of the proceedings from the outset and the opportunity to be heard, her participation in the proceedings was poor, she was properly notified of original § 366.26 hearing date, and she failed to attend that hearing or notify anyone as to her position].)

## DISPOSITION

Judgment affirmed.

Huffman, Acting P. J., and McIntyre, J., concurred.