[No. C069365. Third Dist. Aug. 27, 2012.]

In re MICHAEL A. et al., Persons Coming Under the Juvenile Court Law.
SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN
SERVICES, Plaintiff and Respondent, v.
TAMMI G., Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part II. of the Discussion.

COUNSEL

Janet Saalfield for Defendant and Appellant.

Robert A. Ryan, Jr., and John F. Whisenhunt, County Counsel, Rebecca B. Armstrong and Claire van Dam, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

**BUTZ, J.**—Tammi G., the paternal grandmother and de facto parent of minors Michael A. and Austin A., appeals from an order removing the minors

from her custody. (Welf. & Inst. Code, § 387.)[1] Appellant contends (1) the order must be reversed because of failures to comply with the inquiry and notice provisions of the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.) and (2) the order improperly delegated to respondent Sacramento County Department of Health and Human Services (the Department) complete discretion to decide whether appellant would receive visitation with the minors. We conclude that both contentions are procedurally barred: Appellant lacks standing to raise her first contention, and her second contention is forfeited for failure to object to the court's visitation order. Therefore, we shall affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Because appellant's contentions do not require us to discuss the case's history in depth, we give only an abbreviated summary of relevant facts and procedure.

The minors (Austin A., born in April 2001, and Michael A., born in September 2003) were detained in August 2004.

Appellant claimed that the paternal great-grandmother was an enrolled member of the Muscogee Creek tribe and the paternal great-grandfather had Cherokee heritage; therefore, the Department sent the ICWA notice in September 2004 to three Cherokee and five Creek tribes. After the tribes had returned negative responses or had not responded, the juvenile court found at the jurisdictional/dispositional hearing in October 2004 that the ICWA did not apply.

The juvenile court ordered the minors placed in foster care with reunification services for the parents. In May 2005, however, the parents' services were terminated.

In June 2005, the juvenile court placed the minors in appellant's custody under dependent supervision. In September 2005, the court ordered a permanent plan of placement in appellant's care with a long-term goal of legal guardianship. In January 2007, the court granted appellant de facto parent status.

The Department consistently doubted that appellant could qualify as a prospective adoptive parent or legal guardian.[2] But since the minors were

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

[2] Appellant had a history of criminal convictions and of child protective services involvement with her biological children; in addition, she used medical marijuana daily, and addiction

bonded to her and appeared to be making some progress, and their special needs made them hard to place elsewhere, they remained in her home until March 2011.

Based on repeated reports by the Department throughout 2010 that the minors were suffering from neglect in appellant's custody and that she appeared unable to care for them properly, in January 2011 the juvenile court ordered a new permanent plan of "out of home placement with an appropriate stable placement with a specific goal of legal guardianship."

In March 2011, the Department filed section 387 petitions seeking the minors' removal from appellant's custody and their transfer to foster care.[3] The detention report recommended weekly supervised visitation for appellant at the social worker's discretion until it was deemed appropriate to allow unsupervised visitation.

After a contested jurisdictional/dispositional hearing on the petitions, the juvenile court ordered the minors removed from appellant's custody and placed with their current caretaker with a goal of legal guardianship.

As to appellant's visitation, the juvenile court ordered: "The grandparent(s) . . . may have visitation with the children . . . , consistent with the children's well being [sic]. The Department . . . shall determine the time, place, and manner of visitation, including the frequency of visits, length of visits, and whether the visits are supervised and who supervises them. The Department's discretion shall extend to determining if and when to begin unsupervised overnight and weekend visits. . . ." The court referee also stated orally: "I hope that [appellant] will remain actively involved in the children's lives and will visit them regularly. . . . I hope that you will continue to visit and be a positive influence in the children's lives." Appellant did not object to the visitation order.

## DISCUSSION

### I. ICWA Notice and Inquiry

Appellant contends the juvenile court and the Department failed to comply with the ICWA's inquiry and notice provisions at the outset of the proceedings, and because the court did not readdress the ICWA after the section 387

was suspected. She failed an adoption home study for these reasons, which the Department thought would also probably preclude legal guardianship.

[3] The petitions alleged the juvenile court had found the minors' placement with appellant to be inappropriate; appellant had failed to follow the orders and recommendations of the court and the Department as to with whom the minors could safely and appropriately interact; and appellant had failed to meet the minors' educational, emotional, and physical needs. The court had suspended appellant's educational rights.

petitions were filed, this failure was never corrected. Respondent contends that this contention is barred on grounds of standing and forfeiture, and lacks merit in any event. We agree with respondent that appellant lacks standing to raise any ICWA claim.

Under the ICWA, "[a]ny Indian child who is the subject of any action for foster care placement or termination of parental rights under State law, *any parent or Indian custodian from whose custody such child was removed*, and the Indian child's tribe may petition any court of competent jurisdiction to invalidate such action upon a showing that such action violated any provision of sections 1911, 1912, and 1913 of this title." (25 U.S.C. § 1914, italics added.)

" '[P]arent' means any biological parent or parents of an Indian child or any Indian person who has lawfully adopted an Indian child . . . ." (25 U.S.C. § 1903(9).)

" 'Indian custodian' means any Indian person who has legal custody of an Indian child under tribal law or custom or under State law or to whom temporary physical care, custody, and control has been transferred by the parent of such child . . . ." (25 U.S.C. § 1903(6).)

A "grandparent" is defined by the ICWA as an " 'extended family member,' " not as a parent. (25 U.S.C. § 1903(2).) The ICWA's definitional provisions do not mention de facto parents. (25 U.S.C. § 1903.)

California's legislation implementing the ICWA adopts these provisions without change. Section 224, subdivision (e) restates the federal standing provision (25 U.S.C. § 1914) in substantively identical terms. Section 224.1, subdivisions (a) and (c) state that the terms "parent," "Indian custodian," and "extended family member" shall be defined as in the federal law. (See 25 U.S.C. § 1903.)

Thus, under the plain terms of federal and state law, a grandparent or a de facto parent lacks standing to bring an ICWA challenge unless he or she qualifies as an "Indian custodian." (See *In re S.M.* (2004) 118 Cal.App.4th 1108, 1114–1115, fn. 3 [13 Cal.Rptr.3d 606] ["question[ing]" standing under the ICWA of grandparent/de facto parent who is not an Indian custodian, but not deciding the issue because a parent was also raising an ICWA claim]; see generally *In re J.B.* (2009) 178 Cal.App.4th 751, 757–758 [100 Cal.Rptr.3d 679] [applying statutory construction rule *expressio unius est exclusio alterius* to the ICWA].)

Appellant does not address the plain language of the statutes or attempt to show that she could claim standing as an "Indian custodian." (Indeed, she

does not even consider the question of standing in her opening brief.) Instead, she asserts in her reply brief: (1) the Department's claim that she lacks standing relates only to the original proceedings, not to the section 387 proceedings; (2) if the minors are found to be Indian children and a tribe intervenes, she will have preference for placement as a relative (cf. 25 U.S.C. §§ 1912, 1915(b)(i)); (3) because "appellant's placement-consideration rights are therefore interwoven with the rights of the children as to the application of the provisions of the [ICWA] and relevant state law, she had standing (see *In re Patricia E.* (1985) 174 Cal.App.3d 1, 6 [219 Cal.Rptr. 783])"; and (4) the appellate court in *In re S.M., supra,* 118 Cal.App.4th 1108, left the question of a grandparent/de facto parent's ICWA standing open. We are not persuaded.

■ Appellant cites no authority and makes no argument to explain how she could have standing to raise the ICWA on appeal from a section 387 order if she did not have it to begin with. We do not consider assertions made without supporting argument or authority. (*Amato v. Mercury Casualty Co.* (1993) 18 Cal.App.4th 1784, 1794 [23 Cal.Rptr.2d 73]; *Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979 [21 Cal.Rptr.2d 834].)

Appellant's argument as to relative placement preference is a non sequitur. Whether she would have such preference if the minors were found to be Indian children is irrelevant to whether she has standing to claim the ICWA error.[4] *In re Patricia E., supra,* 174 Cal.App.3d 1, on which appellant relies, is not an ICWA case and is therefore inapposite.

Finally, although *In re S.M., supra,* 118 Cal.App.4th 1108 did not squarely hold that a grandparent or de facto parent lacks standing under the ICWA, its discussion leaves no doubt that the court would have so held if the parent who was simultaneously appealing had not also asserted the ICWA violations. (*In re S.M.,* at pp. 1114–1115, fn. 3.)

■ For all the above reasons, we conclude that appellant lacks standing to raise an ICWA claim under the plain terms of federal and state law. We therefore need not consider respondent's alternative argument that appellant lacks standing because she is not "aggrieved" by the order being appealed. Nor need we address respondent's further procedural claim of forfeiture.

Because appellant lacks standing to raise any claim of an ICWA error, we do not reach the merits of her claims.

---

[4] In any event, given the juvenile court's undisputed findings that appellant is unable to care for the minors, we see no possibility, even if the ICWA were found to apply, that the court would exercise the ICWA's relative-placement preference for appellant's benefit.

## II.   Visitation Order[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The orders removing the minors from appellant's custody and granting visitation to appellant at the Department's discretion are affirmed.

Hull, Acting P. J., and Mauro, J., concurred.

---

[*]See footnote, *ante*, page 661.