Filed 12/20/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re E.R. et al., Persons Coming Under the Juvenile Court Law. | |
| MENDOCINO COUNTY HEALTH AND HUMAN SERVICES AGENCY,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>J.R. et al.,<br><br>Defendants;<br><br>RAFAEL H.,<br><br>Movant and Appellant. | A145384<br><br>(Mendocino County Super. Ct. Nos. SCUK-JVSQ-12-16629, SCUK- JVSQ-12-16630, SCUK-JVSQ-12-16631 & SCUK-JVSQ-12-16632) |

**OPINION**

We are familiar with this dependency proceeding, having issued a prior opinion in the matter. (See *In re E.R.* (2016) 244 Cal.App.4th 866 (*E.R.*).) In that previous consolidated appeal, we concluded that the minors' mother revoked maternal uncle Rafael H.'s Indian custodian status for purposes of the Indian Child Welfare Act of 1978 (ICWA), 25 United States Code section 1901 et seq., shortly after the children were detained. (*E.R.*, *supra*, 244 Cal.App.4th at pp. 873–877.) We further determined that "compelling" evidence was presented in the juvenile court supporting that court's refusal to place the minors with Rafael as an extended family member—a preferred placement under the ICWA—given the children's special needs and Rafael's own cognitive deficits.

1

(*Id.* at pp. 880–881.)  Finally, we rejected Rafael's challenge to two permanent plan orders maintaining the minors in long-term foster care, opining that Rafael could not contest the selection and maintenance of the minors' permanent plans as he was no longer a party to the dependency proceedings.  (*Id.* at pp. 881–882.)

While the appeals disposed of by *E.R.* were pending, Rafael filed the current matter, again attacking one of the juvenile court's permanent plan orders continuing the minors in long-term foster care.  In this current appeal, Rafael contends that active efforts have not been made to prevent the breakup of the Indian family, specifically with regards to visitation; and that the continued placement of the minors in long-term foster care is neither necessary nor appropriate, as he stands ready, willing, and able to take custody of the children.  However, after the issuance of our opinion in *E.R.*, the Mendocino County Health and Human Services Agency (Agency) filed a motion to dismiss, arguing that this court's decision in *E.R.* rendered the instant action moot.  In response, we requested supplemental briefing from the parties on the following question:  "Does appellant Rafael H. have standing to pursue any portion of this existing appeal—such as, for instance, the challenge to the visitation order—on any grounds, including as an interested relative, an extended family member under the [ICWA], a potential de facto parent, or a person designated by the Agency as important to the child under Welfare and Institutions Code section 366.3, subdivision (e)?"[1]  After the parties submitted supplemental briefing on the standing issue, Rafael requested leave to file an additional supplemental brief discussing the application of newly enacted federal ICWA regulations, guidelines, and related materials to this case.[2]  We granted his request and authorized the Agency to file a supplemental respondent's brief with respect to the issues raised, which it did.

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2] See, e.g., Indian Child Welfare Act Proceedings, 25 C.F.R., Part 23, 81 Fed. Reg. 38778 et seq. (June 14, 2016) (ICWA Regulations) [eff. Dec. 12, 2016]; Bureau of Indian Affairs, Guidelines for Implementing the Indian Child Welfare Act, 81 Fed. Reg. 96476–96477 (Dec. 30, 2016) (Guidelines) [noting that the Guidelines are available at http://bia.gov/WhoWeAre/BIA/OIS/HumanServices/IndianChildWelfareAct/index.htm].

Having reviewed all of the supplemental materials provided by the parties in this case, we are constrained to conclude that Rafael has no standing to raise the issues presented in this appeal. Clearly, as he is no longer the Indian custodian, he lacks standing to bring an ICWA challenge before this court. (See *In re Michael A.* (2012) 209 Cal.App.4th 661, 665–666 ["under the plain terms of federal and state law, a grandparent or a de facto parent lacks standing to bring an ICWA challenge unless he or she qualifies as an 'Indian custodian;' " rejecting "intertwined interest" analysis from non-ICWA case law]; see also 25 U.S.C. § 1903(2) [defining both grandparents and uncles as "extended family members" and not as Indian custodians for purposes of ICWA]; § 224.1, subds. (a) & (c) [adopting ICWA's definition of "extended family member"].) In this regard, we are not persuaded by Rafael's argument that he has standing under the plain language of the ICWA because he is an "Indian custodian from whose custody [an Indian child] was removed[.]" (See 25 U.S.C. § 1914.)[3] Simply put, at the time of any such challenge, Rafael would no longer be an *Indian custodian* from whom the children were removed and thus could not avail himself of the invalidation rights granted by the referenced statute. To hold otherwise would be to contravene the revocable nature of an Indian custodianship based on the "temporary" transfer of physical custody. (*In re G.L.* (2009) 177 Cal.App.4th 683, 695; see also *Molly O. v. State* (Alaska 2014) 320 P.3d 303, 309 (*Molly O.*) ["[o]nce an Indian custodian's status has been revoked, that person has no role in ongoing child protection proceedings"].)

Moreover, even if he was designated a de facto parent under California law, Rafael could not appeal the visitation orders made in the juvenile court. "A person becomes a de facto parent by application to the court when he or she has participated in the day-to-day care and rearing of the child over an extended period of time." (See

_____

[3] Specifically, section 1914 of the ICWA provides in full: "Any Indian child who is the subject of any action for foster care placement or termination of parental rights under State law, any parent or Indian custodian from whose custody such child was removed, and the Indian child's tribe may petition any court of competent jurisdiction to invalidate such action upon a showing that such action violated any provision of sections 101, 102, and 103 of this Act [25 USCS §§ 1911, 1912, and 1913]."

*Clifford S. v. Superior Court* (1995) 38 Cal.App.4th 747, 751 (*Clifford S.*); see also *In re Hirenia C.* (1993) 18 Cal.App.4th 504, 515–516 [juvenile court may recognize a previous custodian as a de facto parent].)  However, although a de facto parent is a party and has "the right to be present at the dependency proceedings, to have retained or, at the discretion of the court, appointed counsel and to present evidence at the hearings," de facto parents "do not have the right to reunification services, custody, or visitation." (*Clifford S.*, *supra*, 38 Cal.App.4th at p. 752; see also *In re Kieshia E.* (1993) 6 Cal.4th 68, 77; *id.* at p. 82 (dis. opn. of Kennard, J.); *In re J.T.* (2011) 195 Cal.App.4th 707, 718 ["[t]he acquisition of de facto parent status does not confer standing to appeal from *any* juvenile court order; rather, it confers standing to challenge only orders pertaining to those things to which the de facto parent is entitled"].)

In addition, we see nothing in the language of section 366.3, subdivision (e), that would confer standing on a person designated as "important to the child" where he or she disagrees with a juvenile court's permanent plan review orders.  Pursuant to that statute, a juvenile court—at six-month permanent plan reviews—must determine the identity "of individuals other than the child's siblings who are important to a child who is 10 years of age or older and has been in out-of-home placement for six months or longer, and actions necessary to maintain the child's relationship with those individuals, provided that those relationships are in the best interest of the child." (See § 366.3, subd. (e)(2).)  "The focus of the statute is not on the interest of the person who wishes to maintain a relationship with the child but on 'the best interest of the child.' " (*Amber R. v. Superior Court* (2006) 139 Cal.App.4th 897, 902 (*Amber R.*).)  Thus, in *Amber R.*, the court rejected the argument that a biological parent whose parental rights had been terminated had standing to petition the juvenile court to be declared a person important to the child and to request visitation, noting that, if such a parent could petition the court under section 366.3, "anyone, including aunts, uncles, boyfriends, teachers, neighbors, and well-meaning strangers, would have standing to do so." (*Amber R.*, *supra*, 139 Cal.App.4th at p. 901.)  Instead, the court concluded that only the minor and the child welfare agency have standing to request or appeal such a determination.  (*Id.* at pp. 902–903.)  It follows that,

even if an individual is designated as an important person pursuant to section 366.3, this status would not be sufficient to confer standing on that individual to appeal the juvenile court's permanent plan review orders, as such status is for the benefit of the minor, not the person so designated.

Finally, we have reviewed the recently enacted ICWA Regulations, Guidelines, and related materials proffered by Rafael in support of his assertion that he has standing to challenge the permanent plan orders at issue here and see nothing that changes our conclusion that Rafael lacks such standing. As an initial matter, we note that the newly published ICWA Regulations are not binding as to any orders made prior to December 12, 2016, and thus do not apply to the juvenile court orders challenged in this appeal. (See 25 C.F.R. § 23.143 (2017), 81 Fed. Reg. 38876.) More importantly, however—even if the ICWA Regulations and Guidelines were directly relevant—we have discovered nothing in these new materials that alters our prior conclusion that the minors' mother retained the power to revoke an Indian custodianship based on the temporary transfer of physical custody of her Indian children and exercised that power in this case. (*E.R.*, *supra*, 244 Cal.App.4th at pp. 871–877.) It follows that, since Rafael has not been the minors' Indian custodian for some time, he has no standing to contest the maintenance of the minors' permanent plans. (*Id.* at p. 882; see also *Molly O.*, *supra*, 320 P.3d at p. 309 ["[o]nce an Indian custodian's status has been revoked, that person has no role in ongoing child protection proceedings"].)

These minors have now been in permanent plans for a number of years. Thus, at this point, services provided should be tailored to support their compelling need for stability and permanency. (See *In re Marilyn H.* (1993) 5 Cal.4th 295, 307, 309 ["[o]nce reunification services are ordered terminated, the focus shifts to the needs of the child for permanency and stability"].) In this context and as we stated in *E.R.*: "Of course, Rafael can continue to appear in the juvenile court and request visitation with the minors as an interested relative. And, indeed, the juvenile court seems very aware that Rafael is important to these minors and should remain in their lives in some capacity." (*E.R.*, *supra*, 244 Cal.App.4th at p. 882.) Moreover, we note that the Cloverdale Rancheria of

5

Pomo Indians (Tribe) remains involved in these proceedings and has argued for increased contact among the minors, Rafael, and the maternal grandmother in order to ensure that the minors "maintain connections with their tribal community." Thus, to the extent their interests remain aligned, Rafael's arguments before the juvenile court will likely also be championed by the Tribe. In sum, whether Rafael remains an interested relative—or is or has been granted de facto parent status—his continued involvement in these proceedings is clearly warranted at the juvenile court level. We hold only that he lacks standing to raise any challenges with respect to the minors' permanent plans before this court.

## DISPOSITION

The appeal is dismissed.

_____
REARDON, J.

We concur:


_____
RUVOLO, P. J.


_____
STREETER, J.

A145384/*In re E.R.*

| | |
|---|---|
| Trial Court: | Mendocino County Superior Court |
| Trial Judge: | Cindee F. Mayfield, J. |
| Counsel for Appellant: | Gorman Law Office and Seth F. Gorman for Appellant |
| Counsel for Plaintiff & Respondent: | Office of the County Counsel, County of Mendocino, Katharine L. Elliott, Rachel M. Bavis, and Douglas V. Parker for Plaintiff and Respondent |