135 Cal.Rptr.2d 680 (2003)
109 Cal.App.4th 939
In re AALIYAH G., a Person Coming Under the Juvenile Court Law.
Los Angeles County Department of Children and Family Services, Plaintiff and Respondent,
v.
Robert G., Defendant and Appellant.
No. B161963.
Court of Appeal, Second District, Division Five.
May 13, 2003.
As Modified June 12, 2003.
Mark A. Massey, Monterey Park, under appointment by the Court of Appeal, for Defendant and Appellant.
Lloyd W. Pellman, County Counsel, Frank DaVanzo, Principal Deputy County Counsel, for Plaintiff and Respondent.
Certified for Partial Publication[*]

OPINION
MOSK, J.

INTRODUCTION
Robert G. (father) appeals from an order terminating his parental rights to Aaliyah. He contends that his parental rights should not have been terminated because there was insufficient evidence to establish that the adoptive parents are capable of meeting Aaliyah's needs and that they have no prior referrals for child abuse or neglect. He also contends that there was insufficient evidence to support the juvenile court's finding that the Welfare and Institutions Code section 366.26, subdivision (c)(1)(A) exception did not apply.[1] In addition, father argues that the termination order must be reversed because the legally required affirmative inquiry was not made as to whether Aaliyah has Indian heritage. We affirm the order terminating father's parental rights. In the published portion of this opinion we discuss whether *681 a sufficient inquiry was made as to whether or not the child has Indian heritage.

FACTUAL AND PROCEDURAL BACKGROUND[**]

DISCUSSION[**]

Indian Child Welfare Act
Los Angeles County Department of Children and Family Services (DCFS) stated in its petition application that Aaliyah did not have Indian heritage, and it continued to state in its reports throughout the proceedings that the Indian Child Welfare Act (25 U.S.C. § 1901 et seq. (ICWA)) did not apply. Father, however, contends that the juvenile court and DCFS failed to satisfy their affirmative duty to inquire as to ICWA's applicability. We do not agree.
ICWA requires a court, if it "knows or has reason to know that an Indian child is involved" in any involuntary proceeding, to give notice to the Indian child's tribe of the pending proceedings and its right to intervene. (25 U.S.C. § 1912(a).) California Rules of Court, rule 1439 implements ICWA's notice provisions in California courts. It provides that the court and DCFS have an "affirmative duty to inquire whether a child for whom a petition under section 300 is to be, or has been, filed is or may be an Indian child." (Cal. Rules Ct., rule 1439(d) (rule 1439(d).)) Thus, the juvenile dependency petition form must be checked "if there is reason to know" the child is a member of or may be eligible for membership in an Indian tribe or "if there is reason to believe the child may be of Indian ancestry." (Id. at rule 1439(d)(1).) Circumstances that may give rise to probable cause to believe a child is an Indian child include a party or welfare agency so informing the court or providing information suggesting the child is an Indian child, and if the child or its parents reside in a predominately Indian community. (Id. at rule 1439(d)(2)(A), (B).) If proper notice under ICWA is not given, the Indian child, the child's parent or Indian custodian, or the child's tribe may petition the court to invalidate the proceeding. (25 U.S.C. § 1914.)
Father argues that the juvenile court and DCFS did not comply with their duty under rule 1439 to inquire whether the child has Indian heritage. The record here shows that any affirmative duty by DCFS and the court was discharged. The petition application was marked "No" to show that Aaliyah did not have Indian heritage. DCFS thereafter consistently reported that ICWA did not apply, and neither father nor any of Aaliyah's relatives ever suggested to the contrary. There is no indication in the record that Aaliyah has Indian heritage.
Nonetheless, father contends that the mere marking of a box and DCFS's subsequent statements in its reports of ICWA's inapplicability were insufficient to show that any affirmative duty that rule 1439(d) imposes was discharged. Checking the "No" box suggests that an inquiry as to Aaliyah's heritage was made. There is no indication to the contrary. The court had no obligation to make a further or additional inquiry absent any information or suggestion that the child might have Indian heritage. In the cases in which termination orders have been reversed for the failure to comply with ICWA notice requirements, there was information indicating that the child had Indian heritage. (See, e.g., In re Samuel P. (2002) 99 Cal. App.4th 1259, 1266, 121 Cal.Rptr.2d 820 [court failed to make an inquiry even though there was information in the record to support probable cause to believe the children were affiliated with Chumash Tribe]; In re Jonathan (2001) 92 Cal. App.4th 105, 111 Cal.Rptr.2d 628 [termination order reversed when court failed to *682 give timely notice to Indian tribes]; In re Marinna J. (2001) 90 Cal.App.4th 731, 109 Cal.Rptr.2d 267 [termination order reversed because notice was not sent to Indian tribe despite family report that child had Indian heritage].)
Based on the record, there is sufficient evidence that an inquiry was made as to whether Aaliyah is an Indian child. The record also contains no vindication that Aaliyah has such heritage. We therefore conclude that there was no violation of ICWA.

DISPOSITION
The order terminating Robert G.'s parental rights is affirmed.
We concur: TURNER, P.J., and GRIGNON, J.
NOTES
[*] Good cause appearing, it is ordered that the opinion in the above-entitled matter, filed May 13, 2003, be certified for partial publication. The only parts of the opinion to be published are the following: the Introduction, the Indian Child Welfare Act section of the Discussion and the Disposition.
[1] All further undesignated statutory references are to the Welfare and Institutions Code.
[**] See footnote *, ante.