172 Cal.App.4th 1261 (2009)
___ Cal.Rptr.3d ___
In re HOLLY B., a Person Coming Under the Juvenile Court Law.
MONO COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, Plaintiff and Respondent,
v.
CLUSTER B., Defendant and Appellant.
No. C058116.
Court of Appeals of California, Third District.
April 8, 2009.
*1263 Valerie E. Sopher, under appointment by the Court of Appeal, for Defendant and Appellant.
Marshall S. Rudolph, County Counsel, and Stacey Simon, Deputy County Counsel, for Plaintiff and Respondent.

OPINION
ROBIE, J. 
Cluster B., father of the minor, appeals from findings and orders made at a status review hearing and from an order granting respondent's petition for modification. (Welf. & Inst. Code,[1] §§ 366.3, 388, 395.) Appellant contends the juvenile court abused its discretion in granting the petition for modification brought by the Mono County Department of Health and Human Services (the department) to rescind a prior order for a psychological examination of the minor and thereby erred in finding the department provided adequate services to the minor. Appellant also argues the court failed to comply with the notice provisions of the Indian Child Welfare Act of 1978 (ICWA). (25 U.S.C. § 1901 et seq.) Because appellant lacks standing as to the former issues and the latter issue is not cognizable in this appeal, we dismiss the appeal.

FACTUAL AND PROCEDURAL HISTORY
Due to the limited scope of this appeal, an extensive recitation of the facts of the dependency proceeding is unnecessary.
Suffice it to say that the minor suffered severe neglect and physical abuse as early as 1994 at the hands of her biological mother, and was placed with appellant in 1998. Problems arose in 1999 and 2000 and eventually, in October 2004, the department removed the 12-year-old minor from appellant's custody due to physical abuse and a pattern of conduct toward the minor which inflicted serious emotional damage upon her. The minor participated in three psychological evaluations, one of which was done prior to removal.
In May 2005, the court sustained the petition, finding the minor had suffered emotional damage as a result of either parental conduct or inability of the parent to provide adequate treatment. The court ordered reunification *1264 services for appellant and the stepmother. Appellant failed to reunify and court-ordered services were terminated in August 2006 although voluntary services were provided.
Throughout the dependency, the minor has had multiple placement changes, sometimes doing well in the placement and sometimes not. In July 2006, a placement change returned the minor to a former foster home but, after several months, problems arose and the minor and another foster child ran away in October 2006. A new placement was found, but by December 2006, there were concerns about the stability of the placement and the minor was again placed in the home from which she previously ran away. In late May 2007, the minor again ran away. The foster family agency was no longer willing to work with the minor and described her behavior as reactionary and impulsive. The agency said the minor was unwilling to accept the consequences of her actions and recommended a complete psychological evaluation to determine if she needed medication.
By the June 15, 2007, status review hearing, the minor was still at large and the court ordered a psychological evaluation for the minor to assist in determining her proper placement. Before the next hearing on July 16, 2007, the minor had returned and was placed in Southern California near her sister. County counsel told the court the department was moving forward on the psychological evaluation. The social worker informed the court the minor opposed the evaluation, feeling she had been labeled, and did not want to participate in it. The minor explained to the court why she had run away the second time and why she was happier in her current foster home.
In November 2007, the department filed a petition for modification of the order for a psychological evaluation. The petition stated that, at the time the order was made, the minor was a runaway and there was concern for her mental state, however she had returned and had been stable in her current placement for several months. The petition stated that another evaluation was not in the minor's best interest because she had three prior evaluations, was trying to recover from abuse and neglect and feel normal and the current foster parent saw her as a normal teenager. In the social worker's view, an evaluation would reinforce the view that something was wrong with the minor and would be detrimental to her emotional well-being.
The status review report in December 2007 detailed problems which had arisen in the minor's current foster home which threatened the placement. However, the minor said she did not want to move from the home. An addendum reported the minor had continuing behavioral problems but remained in the placement.
*1265 Appellant did not appear at the combined status review and petition for modification hearing. The court granted the petition for modification, deleting the prior order for a psychological evaluation for the minor, and continued the minor in long-term foster care, finding services provided to the minor were adequate.
Additional facts appear where necessary in the discussion below.

DISCUSSION

I

Appellant Lacks Standing on the Petition for Modification
Appellant contends the court erred in granting the department's petition for modification of the order for a psychological evaluation of the minor because changed circumstances were not shown and the order was not in the minor's best interest. Appellant further contends that by failing to have the minor participate in a psychological evaluation, the department failed to provide the minor adequate services. Finally he contends substantial evidence does not support the juvenile court's finding to the contrary. Respondent contends appellant lacks standing to raise these issues.
(1) Generally, a parent who is aggrieved by an order after judgment in a juvenile dependency proceeding may take an appeal from that order. (§ 395.) "To be aggrieved, a party must have a legally cognizable immediate and substantial interest which is injuriously affected by the court's decision. A nominal interest or remote consequence of the ruling does not satisfy this requirement." (In re Carissa G. (1999) 76 Cal.App.4th 731, 734 [90 Cal.Rptr.2d 561].) The mere fact that a parent takes a position on an issue in a dependency case does not alone constitute a sufficient reason to establish standing to challenge an adverse ruling on the issue. (Id. at p. 736.) Issues which do not affect the parent's own rights may not be raised in the parent's appeal. (In re Vanessa Z. (1994) 23 Cal.App.4th 258, 261 [28 Cal.Rptr.2d 313]; In re Devin M. (1997) 58 Cal.App.4th 1538, 1541 [68 Cal.Rptr.2d 666].) A parent's interest is in reunification and in maintaining a parent-child relationship. (Devin M., at p. 1541.)
(2) Here, the purpose of the psychological evaluation was to assess the minor and provide information to the department to assist it in determining what level of placement might be appropriate for her in light of the fact that she had twice run away from her foster placement. The process of assessment and evaluation by the department in selecting a specific placement for the minor does not directly affect any legally cognizable interest personal to *1266 appellant. Accordingly, appellant lacks standing to assert whether the court abused its discretion in rescinding the order for the psychological evaluation. Because the failure to proceed with the evaluation is the sole basis for appellant's substantial evidence challenge to the court's finding that the department provided adequate services to the minor, appellant lacks standing to raise that issue as well.
The cases relied upon by appellant do not compel a different result. In each of the cases, the minor's right to counsel and the parent's interest in maintaining a parent-child relationship were involved. (In re Patricia E. (1985) 174 Cal.App.3d 1, 6 [219 Cal.Rptr. 783] [appeal of order denying return to father raising minor's right to independent counsel]; In re Ann S. (1982) 137 Cal.App.3d 148, 150 [188 Cal.Rptr. 1] [appeal of denial of minor's motion for new counsel at a removal hearing]; In re David C. (1984) 152 Cal.App.3d 1189, 1206 [200 Cal.Rptr. 115] [appeal of termination of parental rights raising adequacy of minor's counsel].)

II

The Indian Child Welfare Act Is Not Cognizable in This Appeal
Appellant contends that the department was on notice that the minor may be an Indian child because the minor's mother claimed Cherokee heritage on the face pages of her petitions for modification filed in July and September 2007.[2]
(3) The ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for, and permitting tribal participation in, dependency actions. (25 U.S.C. §§ 1901, 1902, 1903(1), 1911(c), 1912.) The substantive provisions of the ICWA apply to the minor's placement in adoption and foster care and to other hearings, such as termination of parental rights, which affect the minor's status. They do not apply to related issues affecting the minor such as paternity, child support or, as in this case, a ruling on a petition for modification which affects only the information available to the department in making its decisions. (See 25 U.S.C. §§ 1912(e), (f), 1915; Cal. Rules of Court, rules 5.480, 5.484, 5.485; see, e.g., State ex rel. Dept. of Human Serv. v. Jojola (1983) 99 N.M. 500, 502 [660 P.2d 590, 592].)
*1267 The ICWA is not implicated in the orders appealed from and, unlike orders placing a child in foster care or terminating parental rights, failure to comply with the ICWA notice provisions has no impact upon the court's orders. Accordingly, any failure to comply with the ICWA is not cognizable in this appeal and this court can provide no appellate remedy for error, if any.
Respondent has filed two motions asking this court take additional evidence and/or judicial notice of documents filed in the juvenile court subsequent to the order from which the appeal was taken in order to establish that ICWA notice has occurred and responses have been received from the tribes. Appellant has opposed the requests. Because we do not reach the ICWA notice issue and because resolution of the evidentiary question of adequacy of the notices sent is properly a function of the juvenile court, we shall deny the motions.

DISPOSITION
Respondent's motions for judicial notice or taking of additional evidence are denied. The appeal is dismissed.
Scotland, P. J., and Blease, J., concurred.
NOTES
[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.
[2] The detention report filed in October 2004 indicated the ICWA did not apply. The first suggestion of Indian heritage is a vague reference in a psychological evaluation in May 2005 where the minor is referred to as being of Caucasian and Native American descent. In documents filed with this court, appellant has also belatedly claimed Indian heritage.