Filed 4/9/14  In re A.P. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| In re A.P. et al., Persons Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES,  Plaintiff and Respondent, v. T.V.,  Defendant and Appellant. | E059846  (Super.Ct.Nos. J-245104, J-245105, J-245106, J-245107)  OPINION |

APPEAL from the Superior Court of San Bernardino County.  Cheryl C. Kersey, Judge.  Affirmed.

Jack A. Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Jean-Rene Basle, County Counsel, Dawn M. Messer, Deputy County Counsel, for Plaintiff and Respondent.

T.V. (mother) filed notices of appeal regarding the termination of her parental rights to her four children: Ab.P., Al.P., An.V., and Ay.V. (child). None of the fathers of these four children is a party to this appeal. J. is the father of Ay.V. only. On appeal, mother raises as her only issue the failure of the San Bernardino County Department of Children and Family Services (Department) to comply with the notice requirements of the Indian Child and Welfare Act of 1978 (25 U.S.C. § 1901 et seq.; ICWA) regarding J., the father of the child.[1] As a consequence, mother claims that there is no substantial evidence to support the court's finding that ICWA does not apply. We affirm the judgment.

## PROCEDURAL FACTS AND HISTORY[2]

A petition was filed on July 13, 2012, on behalf of the child alleging that she came within the jurisdiction of the court under Welfare and Institutions Code section 300, subdivisions (b) and (g).[3] It alleged that both mother and father had histories of drug abuse. It further alleged that mother had an unstable lifestyle, and J. had a criminal history and was in custody at an out-of-state prison.

---

[1] Since the issue raised only affects the judgment with respect to the child, we will treat the appeal concerning the other three children, Ab.P., Al.P. and An.V., as abandoned. (*Wall Street Network, Ltd. v New York Times Co.* (2008) 164 Cal.App.4th 1171, 1177.) Consequently, we will only address whether the court erred in terminating mother's rights to the child due to noncompliance with ICWA.

[2] Due to the limited nature of the appeal, we state the facts in abbreviated form.

[3] All further statutory references are to the Welfare and Institutions Code.

J. remained incarcerated throughout the course of the dependency and never appeared at any of the hearings; although, he was represented by counsel. He had never seen the child. The court found J. to be the biological father of the child. J. is not named as the child's father on the birth certificate. He never had a relationship with mother other than having casual sexual relations with her for a few months, and he has never supported the child.

At the time of the filing of the petition, J.'s whereabouts were then unknown. The Department did not know whether or not J. had Indian ancestry. Consequently, the box stating that "[t]he child may have Indian ancestry" was checked. The detention report stated, "[t]he Indian Child Welfare Act does or may apply."

On July 16, 2012, mother filed a Parental Notification of Indian Status form (ICWA 020) signed under penalty of perjury stating that she had no Indian ancestry. The court ordered J. to complete an ICWA 020 form. However, there is not one in the record.

The report for the jurisdiction/disposition hearing was filed August 1, 2012. It contains a section summarizing an interview the social worker had with J. discussing his relationship with mother and the child, his criminal history and his expectation of being released on his current felony in December 2013. That summary does not contain any information regarding J.'s possible Indian ancestry, but in the Indian Child Welfare Act Status section of the jurisdiction/disposition report, the social worker stated, "[t]he Indian Child Welfare Act does not apply." This report was admitted into evidence at the jurisdiction/disposition hearing held October 10, 2012.

3

The child and her half siblings were declared to be dependents of the court. The court found that ICWA did not apply in its written findings and orders. The court made no specific oral findings regarding ICWA. However, the court orally adopted the proposed findings and orders prepared by the Department, which included recommended findings that none of the children came within the provisions of ICWA. While the Department recommended that no reunification services be provided, reunification services were ordered for mother only.

Ultimately, J.'s parental rights to the child and mother's parental rights to all of the children were terminated at a section 366.26 hearing held October 17, 2013. The report prepared for that hearing again indicated that ICWA did not apply.

Father was represented by counsel after the detention hearing, and at no time during the dependency did he, or anyone else, claim that ICWA applied or that J. claimed Indian heritage. His counsel never objected to the court's findings at the hearings that ICWA did not apply nor did anyone else.

J.'s mother appeared numerous times throughout the dependency seeking visitation and placement of the child with her. She also filed section 388 petitions in the case. At no time during the hearings did she indicate that J. had or might have Indian ancestry.

4

In the present case, the ICWA noncompliance claim is raised for the first time on appeal. The parties agree that we review the trial court's finding regarding ICWA compliance under a substantial evidence standard. (*In re J.T.* (2007) 154 Cal.App.4th 986, 991.)

Father was interviewed in order to prepare a jurisdictional/dispositional report prior to the date set for the jurisdiction hearing. While the summary of the interview does not specifically mention any inquiry into J.'s possible Indian heritage, the social worker indicated in the report she prepared following the interview that ICWA did not apply in the ICWA status portion of the report. This raises a strong inference that inquiry was made during the interview, and the social worker reported that ICWA did not apply because J. indicated no Indian ancestry.

In *In re Aaliyah G.* (2003) 109 Cal.App.4th 939 (*Aaliyah G.*), a father argued that a termination order had to be reversed because the required ICWA inquiry as to whether the child there had Indian ancestry was not made. The father contended that the Los Angeles County Department of Children and Family Services failed to satisfy its affirmative duty to inquire as to ICWA's applicability. All the reports prepared for hearings indicated that ICWA did not apply. (*Id.* at p. 941.)

The court in *Aaliyah G.* disagreed with father. The petition application indicated that the child there did not have Indian ancestry, which suggests that an inquiry as to the child's Indian heritage had been made. Thereafter, the reports filed in the dependency case consistently stated that ICWA did not apply. "There is no indication to the contrary.

5

The court had no obligation to make a further or additional inquiry absent any information or suggestion that the child might have Indian heritage. In the cases in which termination orders have been reversed for the failure to comply with ICWA notice requirements, there was information indicating that the child had Indian heritage. [Citations.] [¶] Based on the record, there is sufficient evidence that an inquiry was made as to whether Aaliyah is an Indian child. The record also contains no indication that Aaliyah has such a heritage. We therefore conclude that there was no violation of ICWA." (*Aaliyah G.*, *supra*, 109 Cal.App.4th at pp. 942-943.)

*Aaliyah G.* is directly on point with the circumstances of the present case. Initially, at the detention stage of the proceedings, because father had not yet been contacted and interviewed, the detention report indicated that ICWA "does or may apply." After father was interviewed, the jurisdictional/dispositional report in the ICWA status section indicated that ICWA did not apply. Subsequent reports stated likewise, and the court made ICWA orders and findings that ICWA did not apply. Father was represented by counsel who did not object to the orders and findings, and no one else, including mother, objected or indicated that father may have Indian ancestry. Nothing in this record indicates possible Indian ancestry.

Subsequently, this court in *In re S.B.* (2005) 130 Cal.App.4th 1148 (Fourth Dist., Div. Two), at pages 1160-1161, cited to *Aaliyah G.* with approval and adopted its reasoning in a sufficiency of the evidence challenge to the ICWA compliance in that case. Relying on these two cases, we find that there is substantial evidence to support the court's orders and findings that ICWA did not apply in this case.

6

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER _____

J.

We concur:

RAMIREZ _____

P. J.

KING _____

J.