Filed 5/12/15  In re M.C. CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re M.C., a Person Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES, | E062648 |
| Plaintiff and Respondent, | (Super.Ct.No. J251586) |
| v. | OPINION |
| V.C., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Christopher B. Marshall, Cheryl C. Kersey and A. Rex Victor,[1] Judges.  Reversed with directions.

Donna B. Kaiser, under appointment by the Court of Appeal, for Defendant and Appellant.

---

[1]  Judge Victor is a retired judge of the San Bernardino Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Jean-Rene Basle, County Counsel, Danielle E. Wuchenich, Deputy County Counsel, for Plaintiff and Respondent.

V.C., the father of M.C., appeals from an order terminating his parental rights. He contends that the failure of the juvenile court and the social services agency to comply with their duty of inquiry into the child's possible Indian heritage requires reversal. County Counsel concedes, and we agree.

FACTUAL AND PROCEDURAL HISTORY

The sole issue we address does not require an extensive restatement of the underlying facts. Briefly stated, M.C. and his half siblings were detained when their mother, who is not a party to this appeal, failed to provide adequate care and housing for them. V.C. was not married to mother, and throughout the proceedings below was incarcerated at Centinela State Prison.

At the detention hearing on October 16, 2013, the court appointed counsel to represent V.C. as an alleged father. The court ordered V.C., who was not present in court, to complete and submit an ICWA-020, or Parental Notification of Indian Status, form.[2] On November 5, 2013, respondent San Bernardino County Children and Family Services (CFS) filed a proof of service stating that on October 25, 2013, V.C. was served with various documents, including what the proof of service described as "ICWA."

---

[2] ICWA refers to the Indian Child Welfare Act of 1978, 25 United States Code section 1901 et seq.

Genetic testing established V.C.'s paternity, and at the jurisdiction and disposition hearing on January 6, 2014, the court found him to be M.C.'s biological father and ordered him to participate in reunification services.

V.C. did not fill out or return the ICWA-020 form. The mother submitted hers, stating that she had no Indian ancestry, and the half siblings' father stated in court that he had no Indian ancestry. The minutes of the jurisdiction and disposition hearing state that the court found that ICWA does not apply. V.C. was not present at that hearing, and there was no discussion on the record as to his failure to return the ICWA-020 form.

Services were terminated at the six-month review hearing, upon the court's finding that neither parent had participated in services. Parental rights were terminated on December 29, 2014.

V.C. filed a timely notice of appeal.

On March 13, 2015, V.C. filed a motion pursuant to Code of Civil Procedure section 909, asking this court to take additional evidence on appeal. The motion included his declaration, which stated that he has "Apache/Cherokawa" ancestry and that his paternal grandparents were members of those two tribes. He stated that he has a paternal cousin who is a member of the Apache tribe and receives tribal benefits. He stated that if there had been an inquiry, he would have stated that he has Apache/Cherokawa ancestry. He also stated that neither his juvenile court attorney nor any CFS worker had asked him if he had any Indian ancestry. He stated that he did not recall receiving a form that inquired about his Indian ancestry.

By separate order, we granted V.C.'s motion.

3

## LEGAL ANALYSIS

## LIMITED REMAND IS REQUIRED

"The court, county welfare department, and the probation department have an affirmative and continuing duty to inquire whether a child for whom a petition under Section 300, 601, or 602 is to be, or has been, filed is or may be an Indian child in all dependency proceedings and in any juvenile wardship proceedings if the child is at risk of entering foster care or is in foster care." (Welf. & Inst. Code, § 224.3, subd. (a).) V.C. contends that because there is no executed Parental Notification of Indian Status form in the record or any discussion on the record of his possible Indian status, the juvenile court failed to discharge this duty.

V.C.'s statement of the court's duty of inquiry is overbroad. The court must inquire into a parent's possible Indian ancestry, and must, at the parent's first appearance in a juvenile dependency matter, order the parent to fill out and return the ICWA notification form. (Welf. & Inst. Code, § 224.3, subd. (a); Cal. Rules of Court, rule 5.481(a)(2), (3).) However, if the court or the social services agency provides the form or asks the parent if the child has or may have Indian ancestry and the parent fails to respond, the initial duty of inquiry is discharged. The duty to make further inquiry is triggered only if the court or social services agency receives information from another source which suggests that the child may be an Indian child. (Welf. & Inst. Code, § 224.3, subds. (b)-(d); Cal. Rules of Court, rule 5.481(a)(4); *In re Aaliyah G.* (2003) 109 Cal.App.4th 939, 941-942.)

4

Here, the record is ambiguous as to whether V.C. actually received the ICWA notification form. As noted above, there is a proof of service which states that documents including "ICWA" were served on V.C. at Centinela State Prison, apparently by someone who works at the prison. However, the jurisdiction/disposition report states that V.C. informed the social worker in a telephone conversation "that he was personally served at his home and his aunt received the paperwork and provided it to him on October 25, 2013." This statement may be inconsistent with the proof of service, although it is entirely possible that the aunt provided the documents to prison authorities, who then served the documents on V.C.

Under most circumstances, in the absence of a contention litigated in the juvenile court that the parent was not served with the ICWA notification form, we would take the proof of service at face value. V.C., however, stated in his declaration in support of his motion for taking evidence on appeal that he did not recall having received a document inquiring about his Indian ancestry. He also stated that his paternal grandparents were members of the "Apache/Cherokawa" tribe or tribes, that his paternal cousin is a member of the Apache tribe, and that if he had been asked, he would have so informed the court. One of the goals of ICWA is to protect the interests of Indian tribes, which have a federally declared right to be informed of dependency proceedings concerning children who are or who are eligible to become members of the tribe (25 U.S.C. § 1901 et seq.; *In re Holly B*. (2009) 172 Cal.App.4th 1261, 1266), and the information before us suggests that M.C. may indeed be an Indian child within the meaning of ICWA. Inquiry error may be deemed harmless where no such information exists, but where it does exist, the error

5

requires reversal for a limited remand. (*In re H.B.* (2008) 161 Cal.App.4th 115, 121-122; *In re J.N.* (2006) 138 Cal.App.4th 450, 460-461.) Here, while it is not clear that there was a failure to inquire, the information V.C. has provided is sufficient to persuade us that it is appropriate to reverse the termination of parental rights and to remand the matter for the limited purpose of obtaining further information from V.C. and giving notice to the pertinent tribe or tribes.

<u>DISPOSITION</u>

The judgment terminating parental rights is reversed, and the case is remanded to the juvenile court with directions to order San Bernardino County Children and Family Services to obtain all available information concerning M.C.'s possible status as an Indian child within the meaning of ICWA and to comply with the notice requirements of ICWA. If, after proper inquiry and notice, the juvenile court finds that M.C. is an Indian child as defined by ICWA, the court shall proceed in conformity with all provisions of ICWA. If, on the other hand, the court finds that M.C. is not an Indian child, the judgment terminating parental rights shall be reinstated.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER<br>
Acting P. J.

We concur:


KING_____
   J.


CODRINGTON_____
   J.

6