Filed 2/11/16  In re R.R. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re R.R., a Person Coming Under the Juvenile Court Law. | F070994 |
| FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES, | (Fresno Sup. Ct. No. 13CEJ300338) |
| Plaintiff and Respondent, | **OPINION** |
| v. | |
| E.D., | |
| Defendant and Appellant. | |
| In re R.R., a Person Coming Under the Juvenile Court Law. | F071296 |
| FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES, | (Fresno Sup. Ct. No. 13CEJ300338-2) |
| Plaintiff and Respondent, | |
| v. | |
| R.R., | |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Brian M. Arax, Judge.

Patricia K. Saucier, under appointment by the Court of Appeal, for Defendant and Appellant, E.D.

---

[*] Before Levy, Acting P.J., Franson, J. and Peña, J.

David M. Thompson, under appointment by the Court of Appeal, for Defendant and Appellant, R.R.

Daniel C. Cederborg, County Counsel, and David F. Rodriguez, Deputy County Counsel, for Plaintiff and Respondent.

-ooOoo-

In the present appeal, two parents raise challenges based on the Indian Child Welfare Act (ICWA) to a dependency court's order terminating their parental rights. We conclude the claims are not cognizable in this appeal and affirm.

## FACTS

"Because compliance with the ICWA is the only issue raised in this appeal, our discussion of the facts and procedural background focuses on the facts relevant to compliance with the ICWA." (*In re I.B.* (2015) 239 Cal.App.4th 367, 370.)

Two-year old R. Rey[1] ("Rey") was detained on November 17, 2013, pursuant to allegations her mother, E.D. ("Mother") "non-accidentally" caused her "serious physical harm." A dependency petition was filed on November 19, 2013.[2] An interlineation on the dependency petition identified appellant R. Rey ("Father") as Rey's alleged father and indicated that he was incarcerated at Tehachapi Prison.[3]

An attachment to the dependency petition, signed by a social worker, reflected that Mother had indicated Rey may have Indian ancestry. In the "Summary of Information" section of the attachment, handwritten text reads: "Possible Apache & Mono." On November 18, 2013,

---

[1] We suppress the minor's first name rather than her last because the spelling of her last name is pertinent to the issue raised in this appeal. Since we are not suppressing the minor's last name, we will suppress the first and last name of her parents.

[2] The dependency petition also pertained to minor D.C., the child of Mother and another man.

[3] The interlineation appears to have been made at the detention hearing on November 19, 2013.

Mother had indicated on a form that she herself might be a member of the Apache/Mono/Cherokee"[4] tribes.

Father did not appear at the detention hearing, held on November 20, 2013. The court ordered the Fresno County Department of Social Services ("Department") to make further inquiry into the possible Indian heritage of Rey. The court also ordered the Department to send ICWA notices "to all Tribes of which the child may be a member or eligible for membership, and the" Bureau of Indian Affairs.

On February 24, 2014, the Department filed an ICWA notice that had been sent to several Indian tribes, the Bureau of Indian Affairs, and the U.S. Department of the Interior. The notice misspelled Rey's last name as "Ray" instead of the correct spelling: "Rey." The notice correctly spelled Father's last name as "Rey."

The parties have identified 12 tribal responses in the record, each of which indicate that Rey was not a member of their respective tribe. In 11 of the responses, the tribe misspelled Rey's last name as "Ray."[5] A twelfth tribe's response only indicated that Mother was not a member and did not spell Rey's name at all.

On June 2, 2014, the Department filed a motion requesting the court declare ICWA inapplicable to the case. The Department also asserted that the ICWA did not apply in its June 2, 2014, disposition report.

The Department's ICWA motion was trailed several times. The matter was finally heard at the disposition hearing on September 8, 2014. At the hearing, Father's counsel submitted "with [no] objection."[6] The court ruled that ICWA did not apply and scheduled a section 366.26 hearing.

---

[4] The names of these tribes are handwritten. The third tribe is difficult to read, but both Mother and Father agree that the third tribe listed on the form is "Cherokee."

[5] Father's appellate brief indicates that the North Fork Rancheria of Mono Indians of California spelled Rey's last name correctly. The record, however, shows that the tribe in fact misspelled Rey's last name.

[6] The reporter's transcript reads: "On behalf of the father, we'll be submitting with on [*sic*] objection."

3.

The court held a Welfare and Institutions Code section 366.26 hearing on February 17, 2015, and terminated Mother's and Father's parental rights. They both appeal the termination order.[7]

## DISCUSSION

### I. PARENTS FORFEITED THEIR ICWA NOTICE CLAIM UNDER *IN RE PEDRO N.*

Father and Mother claim that the order terminating their parental rights should be reversed because the ICWA notice misspelled minor Rey's last name. We, however, conclude that parents forfeited their right to assert this error on appeal pursuant to *In re Pedro N.* (1995) 35 Cal.App.4th 183 (*Pedro N.*).

In *Pedro N.*, we understood the mother's contention to be that the juvenile court erred in issuing disposition orders without the Department having notified the Northfolk Rancheria tribe of the proceedings. (*Pedro N.*, *supra*, 35 Cal.App.4th at p. 188.) "Although the proceedings leading up to and including the juvenile court's disposition were appealable [citations], the mother did not raise the question of notice until the court terminated her rights approximately two years later." (*Id.* at p. 189.)

In considering whether mother had forfeited her ICWA notice claim by failing to raise it at the disposition hearing, we observed: "An appeal from the most recent order entered in a dependency matter may not challenge prior orders for which the statutory time for filing an appeal has passed. [Citation.]" (*Pedro N.*, *supra*, 35 Cal.App.4th at p. 189.) We went on to conclude that because the mother failed to challenge the disposition orders, she was "foreclosed" from raising the ICWA notice issue on appeal from the order terminating parental rights.[8] (*Ibid.*)

---

[7] Mother has not raised any independent issues in this appeal but instead joins in and adopts Father's arguments.

[8] We are aware that other district courts of appeal have disagreed with *Pedro N.* (See *Dwayne P. v. Superior Court* (2002) 103 Cal.App.4th 247, 251, 259–260; *In re Marinna J.* (2001) 90 Cal.App.4th 731, 739.) We, however, have not seen fit to overrule *Pedro N.* in the 20 years since it was decided and will not do so now. We do note that the issue is currently pending before the California Supreme Court. (*In re Isaiah W.* (2014) 228 Cal.App.4th 981, review granted Oct. 29, 2014, S221263.)

The holding of *Pedro N.* is applicable here. In this case, the faulty ICWA notices were filed in the dependency court on February 24, 2014. Father and Mother raised no ICWA objection based on the incorrect spelling from February 24, 2014, through the disposition hearing on September 8, 2014, when the court found ICWA inapplicable.[9]

Here, as in *Pedro N.*, Mother and Father "could have challenged the court's decision to proceed at the dispositional hearing and did not do so. We therefore conclude [they are] foreclosed from raising the issue now on appeal from the order terminating … parental rights."[10] (*Ibid.*)

## DISPOSITION

The order is affirmed.

---

[9] Father also contends his counsel was ineffective for failing to timely raise the ICWA issue at or before the disposition hearing. Father also now claims that he has Apache ancestry, and that trial counsel should have "acquired" this information and informed the Department and the juvenile court. These arguments are unavailing for similar reasons as those described in the *Pedro N.* context. That is, Father's ineffective assistance of counsel claims are belated attacks on an appealable disposition order (i.e., the finding that ICWA was inapplicable), and therefore not cognizable on appeal from a later termination order. (See *In re Meranda P.* (1997) 56 Cal.App.4th 1143, 1160 ["if a parent, for whatever reason, has failed to timely and appropriately raise a claim about the existence or quality of counsel received at a proceeding antedating the .26 hearing, we will apply the waiver rule to foreclose the parent from raising such an objection on appeal from the termination order."].)

[10] Father now claims the Department also erroneously failed to inquire of him as to whether he had any Indian ancestry. In his appellate briefing, Father represents to this court that his maternal grandparents are "part" Apache. However, there is no indication Father brought his alleged Apache ancestry to the attention of the dependency court.

When the Department asserts to the dependency court that ICWA does not apply, an inference is raised that the Department has in fact inquired as to the parents' Indian heritage. (See *In re S.B.* (2005) 130 Cal.App.4th 1148, 1161 ["From the affirmative representation that the ICWA did not apply, it is fairly inferable that the social worker did make the necessary inquiry."]; *In re Aaliyah G.* (2003) 109 Cal.App.4th 939, 942.) Once the Department makes this type of representation, there is "no obligation to make a further or additional inquiry absent any information or suggestion that the child might have Indian heritage." (*In re Aaliyah G.*, *supra*, 109 Cal.App.4th at p. 942; see also *In re S.B.*, *supra*, 130 Cal.App.4th at p. 1161 [After the Department asserted ICWA did not apply, "[t]he mother did not introduce any contrary evidence. Although her counsel argued that the social worker had not made any inquiry, the mother did not submit a declaration or otherwise *testify* to this effect."].)

5.