Filed 3/15/22  In re E.T. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re E.T. et al., Persons Coming Under the Juvenile Court Law. | 2d Juv. No. B315176 (Super. Ct. Nos. 20JV00280, 20JV00281) (Santa Barbara County) |
| SANTA BARBARA COUNTY CHILD WELFARE SERVICES, Plaintiff and Respondent, v. Monica T., Defendant and Appellant. | |

Monica T. (Mother) appeals from the juvenile court's orders terminating parental rights to her minor sons, E.T. and M.T.  She contends the termination orders should be conditionally vacated and the case remanded for the proceedings to comply with the requirements of the Indian Child Welfare Act (ICWA).  We affirm.

FACTUAL AND PROCEDURAL HISTORY

In 2014, the juvenile court terminated Mother's parental rights to E.T. and M.T.'s elder siblings, J.M. and Z.T. The court also terminated the parental rights of Z.T.'s father, John T. (Father). During the termination proceedings, both Mother and Father denied having any Indian ancestry. The court found that ICWA did not apply.

In 2020, E.T. and M.T. were removed from Mother's custody. Mother and Father met with a social worker regarding their sons. During that meeting both parents said that they had no known Indian ancestry.

At their initial court appearances, the juvenile court asked if Mother and Father had Indian ancestry. They said that they did not. The two filed ICWA-020 forms claiming no such ancestry.

At the detention hearing, Santa Barbara County Child Welfare Services (CWS) asked the juvenile court to find that ICWA did not apply. Neither Mother nor Father contested the request. The court found ICWA inapplicable.

Two weeks later, a CWS social worker filed forms stating that Mother and Father had given her no reason to believe that either they or their sons had Indian ancestry.

At the six-month review hearing, CWS again asked the juvenile court to find ICWA inapplicable. When no party contested the request, the court made that finding. It then terminated Mother and Father's parental rights to E.T. and M.T. and selected adoption as the permanent plan.

DISCUSSION

Mother contends the orders terminating her parental rights should be conditionally vacated because CWS did not

2

interview extended family members about her sons' possible Indian ancestry. We disagree.

For purposes of ICWA, an "Indian child" is a child who either is a "member of an Indian tribe" or "is eligible for membership in an Indian tribe" because they are the biological child of a tribe member. (25 U.S.C § 1903; see also Welf. & Inst. Code,[1] § 224.1, subd. (a) [adopting federal definition].) There is an "affirmative and continuing duty to inquire whether a child . . . is or may be an Indian child." (§ 224.2, subd. (a).) The duty to inquire "begins with the initial contact" (*ibid.*), and requires CWS to "ask[] the child, parents, legal guardian, Indian custodian, extended family members, [and any] others who have an interest in the child . . . whether the child is, or may be, an Indian child" (*id.*, subd. (b)). Then, "[a]t the first appearance in [juvenile] court of each party, the court [must] ask each participant present in the hearing whether [they] know[] or [have] reason to know that the child is an Indian child." (*Id.*, subd. (c).) The court must also "instruct the parties to inform [it] if they subsequently receive information that provides reason to know the child is an Indian child" (*ibid.*) and have them complete ICWA-020 forms (Cal. Rules of Court, rule 5.481(a)(2)(C)). If at any point during these proceedings the court has "reason to believe" that a child is an Indian child, further inquiry is required. (§ 224.2, subd. (e).)

We review the juvenile court's finding that ICWA did not apply for substantial evidence. (*In re A.M.* (2020) 47 Cal.App.5th 303, 314.) This "requires us to determine [whether] reasonable, credible evidence of solid value supports the court's

[1] Unlabeled statutory references are to the Welfare and Institutions Code.

[finding]." (*Ibid.*) We resolve all conflicts in the evidence in favor of that finding, and will uphold it if supported by "any substantial evidence, contradicted or uncontradicted." (*Ibid.*)

Even if CWS did not interview E.T. and M.T.'s extended family members about their possible Indian ancestry, reversal is not required because substantial evidence supports the finding that ICWA did not apply. During the 2014 proceedings involving E.T. and M.T.'s siblings, both Mother and Father denied that they had Indian ancestry. They again denied any Indian ancestry when E.T. and M.T were removed from Mother's custody. They denied Indian ancestry a third time at their initial appearances in juvenile court, and a fourth time when they submitted their ICWA-020 forms.

Additionally, neither Mother nor Father challenged the social worker's statement that she had no reason to believe that either parent had Indian ancestry. They also did not challenge either of CWS's requests for a finding that ICWA did not apply. And in her briefing, Mother cites nothing that would have given any participant in the proceedings below reason to believe that E.T. and M.T. were Indian children. Substantial evidence thus supports the juvenile court's determination that ICWA did not apply. (See, e.g., *In re Charles W.* (2021) 66 Cal.App.5th 483, 490 [ICWA inapplicable based on prior finding that it did not apply to older siblings and parents' denials of Indian ancestry]; *In re Aaliyah G.* (2003) 109 Cal.App.4th 939, 942 [ICWA did not apply where social worker reported no claimed Indian ancestry and parents never challenged that report].)

None of the cases on which Mother relies is to the contrary. In *In re Y.W.* (2021) 70 Cal.App.5th 542, 552-553, further inquiry was required because it was unclear whether the

4

mother had Indian ancestry and the social worker failed to follow up with her biological parents. In *In re Benjamin M.* (2021) 70 Cal.App.5th 735, 744-745, further inquiry was required because the father never appeared in court and the social worker did not follow up with his extended family. And in *In re L.S.* (2014) 230 Cal.App.4th 1183, 1196-1197, further inquiry was required because both the mother and father indicated that they had possible Indian ancestry.

Here, both Mother and Father participated in all court proceedings. They each affirmatively denied any Indian ancestry several times. And neither suggested that there was any readily obtainable information that would indicate that E.T. and M.T. had such ancestry. Any error in failing to comply with ICWA's requirements was therefore harmless. (*In re Benjamin M.*, *supra*, 70 Cal.App.5th at p. 744 [error prejudicial only if "record indicates that there was readily obtainable information that was likely to bear meaningfully upon whether the child is an Indian child"].)

DISPOSITION

The juvenile court's orders terminating Mother's parental rights to E.T. and M.T., entered August 26, 2021, are affirmed.

NOT TO BE PUBLISHED.


TANGEMAN, J.

We concur:


GILBERT, P. J.        YEGAN, J.


5

Arthur A. Garcia, Judge

Superior Court County of Santa Barbara

_____

Emery El Habiby, under appointment by the Court of Appeal, for Defendant and Appellant.

Rachel Van Mullem, County Counsel, Lisa A. Rothstein, Deputy County Counsel, for Plaintiff and Respondent.