Filed 8/23/24  In re A.M. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re A.M., a Person Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | E083369 |
| Plaintiff and Respondent, | (Super.Ct.No. DPRI2300174) |
| v. | OPINION |
| J.M., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Dorothy McLaughlin, Judge.  Dismissed.

Linda Rehm, under appointment by the Court of Appeal, for Defendant and Appellant.

Minh C. Tran, County Counsel, Teresa K.B. Beecham and Catherine E. Rupp, Deputy County Counsel, for Plaintiff and Respondent.

1

Defendant and appellant, J.M. (Mother), appeals from the trial court's order that authorized termination of jurisdiction by ex parte. For the reasons set forth *post*, we dismiss the appeal.

## FACTUAL AND PROCEDURAL HISTORY

On April 19, 2023, the Riverside County Department of Public Social Services-Children's Services Division (the Department) received a referral alleging that A.M. (a boy, born April 2023; Minor) was a victim of general neglect by his parents.

Mother's mental health history included bipolar disorder, attention deficit hyperactive disorder, and obsessive-compulsive disorder.

On May 18, 2023, the department removed Minor from Mother's care and custody. Mother failed to follow the agreed-upon parameters of the safety plan, her unaddressed mental health issues placed Minor's safety in jeopardy, she declined the department's attempts to engage the extended family with a safety plan to secure Minor in the home, and changed her mind about getting an emergency psychiatric screening. Social workers and law enforcement went to the home and gave Mother notice of the detention hearing.

On May 22, 2023, the Department filed a juvenile dependency petition pursuant to Welfare and Institutions Code[1] section 300, subdivision (b), on behalf of Minor alleging that Mother had unresolved mental health issues and failed to obtain regular treatment to address her mental health needs. The petition further alleged that Mother had a history

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

with San Bernardino Child Protective Services as to a half-sibling X.M., due to substance abuse issues and untreated mental health issues. Mother failed to reunify with X.M., her parental rights were terminated, and a permanent plan of adoption was established. Finally, the petition alleged deplorable conditions of the family's home.

On May 23, 2023, at the detention hearing, the Juvenile Court found J.Q. (Father)[2] to be Minor's presumed father, detained Minor from Mother, and ordered Minor remain with Father. Mother was to have supervised visits for two hours per week. The court also issued a temporary restraining order protecting Father and Minor from Mother.

Mother moved to Idaho from California on May 26, 2023. Mother missed two visits in mid-July; on July 19, 2023, Father informed the Department that Mother called him from a jail in Idaho. She was arrested for a DUI.

On July 26, 2023, the Juvenile Court held the jurisdiction/disposition hearing. Mother remained in custody in Idaho. The court sustained the petition, declared Minor a dependent, found clear and convincing evidence of the circumstances stated in section 361 regarding Mother, and removed physical custody from Mother. The court denied reunification services to Mother. Physical custody was retained by Father and he was ordered to participate in family maintenance services.

---

[2] Father is not a party to this appeal.

The six-month family maintenance review hearing was held on January 29, 2024. The court adopted the recommendations contained in the Department's report and authorized early termination of dependency by way of ex parte prior to the maintenance review hearing set for July 29, 2024, dependent upon case plan compliance and progress.

On February 28, 2024, the court accepted Mother's requested substitution of attorney and addressed other issues. Mother "vehemently" objected to the authorization to close the case ex parte. The court was inclined to reconsider the authorization, but believed doing so sua sponte at the hearing would be "problematic from a due process standpoint."

Mother filed a notice of appeal on February 28, 2024.

## DISCUSSION

Mother argues "insufficient evidence supported the court's authorization to terminate jurisdiction by ex parte prior to the scheduled section 364 hearing." The Department argues the issue is not ripe; Mother has no standing because she has not been injured; and, alternatively, that abuse of discretion is the proper standard of review. We agree with the Department.

A.    RIPENESS

"Ripeness is one facet of the prudential doctrine of justiciability. As a general rule courts decide only justiciable controversies. [Citation.] " 'A controversy is 'ripe' when it has reached, but has not passed the point that the facts have sufficiently congealed to permit an intelligent and useful decision to be made.' " [Citation.] The ripeness requirement prevents courts from issuing purely advisory opinions. [Citation.] It is

4

founded on "the recognition that judicial decision-making is best conducted in the context of an actual set of facts so that the issues will be framed with sufficient definiteness to enable the court to make a decree finally disposing of the controversy.' " (*In re M.F.* (2022) 74 Cal.App.5th 86, 106.)

Mother is correct that "[i]ssues related to custody and visitation are relevant to potential exit orders pursuant to sections 364 and 362.4, and a parent has a due process right to a hearing on those issues." However, Mother does not come before this court having been denied such a hearing. Mother's "vehement" objection to the authorization was made orally in open court. The court was receptive, but explained that "it's not a ripe issue because there's been no request," and noted "for the future that [Mother's attorney] is objecting on her client's behalf." The court stated that it was "inclined to reconsider" the authorization. Neither Minor's nor the Department's counsel took issue with the objection, and Minor's counsel even offered a remedy: "[W]hen they do propose the ex parte, they can object and request a hearing. That's always one of the responses that we are able to provide." Mother's counsel then agreed with the suggestion, replying, "Absolutely, Your Honor." Counsel for the Department also agreed, stating, "It will not go silently in the background." As of the filing of Mother's reply brief on July 1, 2024, the Department has not filed a request to close the case ex parte and the mere authorization to do so has not given rise to sufficient facts for a justiciable controversy. As such, the controversy is not ripe for review.

B.     STANDING

"Not every party has standing to appeal every appealable order.  Although standing to appeal is construed liberally, and doubts are resolved in its favor, only a person aggrieved by a decision may appeal."  (*In re K.C.* (2011) 52 Cal.4th 231, 236.) " 'To be aggrieved, a party must have a legally cognizable immediate and substantial interest which is injuriously affected by the court's decision.  A nominal interest or remote consequence of the ruling does not satisfy this requirement.' [Citation.] . . . . A parent's interest is in reunification and in maintaining a parent-child relationship.' " (*In re Holly B.* (2009) 172 Cal.App.4th 1261, 1265.)

Mother cites no legally cognizable immediate and substantial interest that has been injuriously affected by the court's authorization for early termination of dependency via ex parte.  Mother's argument is conclusory, simply stating, "[her] interests were then injuriously affected" because the authorization "allowed for imminent exercise" of the request for ex parte termination.  Further, Mother's argument is not aided by the fact that her "trial counsel understood from County Counsel that the department might then already be seeking an ex parte request to terminate jurisdiction."  The "might" contained in this statement is particularly pertinent here.  Mother cannot demonstrate that her interest in reunification and maintaining a parent-child relationship has been injured.  Consequently, Mother has not been aggrieved and thus does not have standing to challenge the authorization.

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____

                                                                    J.


We concur:


RAMIREZ _____

                    P. J.


RAPHAEL _____

                    J.